NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 09a0371n.06

No. 08-3335

FILED
May 26, 2009
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

GURMEET SINGH,

     Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

     Respondent.

ON PETITION FOR REVIEW OF AN
ORDER OF THE BOARD OF
IMMIGRATION APPEALS

_____/

BEFORE:    BATCHELDER and CLAY, Circuit Judges; and COX, District Judge.[*]

    **CLAY, Circuit Judge.**  Petitioner Gurmeet Singh, a native and citizen of India, seeks review of a final removal order of the Board of Immigration Appeals. Because we find that the adverse credibility determination of the immigration judge was supported by substantial evidence, we **DENY** Singh's petition for review.

## BACKGROUND

    Gurmeet Singh was admitted to the United States in November 1997 with authorization to remain until May 18, 1998. On June 23, 2003, the Department of Homeland Security served

_____

[*]The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

-1-

him with a Notice to Appear, charging him with being removable him pursuant to § 237(a)(1)(B) of the Immigration and Nationality Act ("INA") for having remained in the country beyond the authorized time. Singh admitted to the allegations in the notice and conceded removability. However, he filed an application for withholding of removal and protection under § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), and, alternatively, for voluntary departure under § 240B of the INA, 8 U.S.C. §1229c.

At Singh's merits hearing, he testified that he began to encounter difficulties in India as early as 1984 because he was a member of the Sikh religion. He stated that he had lodged complaints against a group of Muslim fanatics who had threatened him and his family, and that he was targeted for retaliation after some of those individuals were arrested.

Singh's testimony detailed a number of incidents relevant to his claim of persecution. First, in May 1997, a group of Muslims stopped one of his company's trucks and shot and killed the driver. After that incident, individuals telephoned him on various occasions to tell him that he would be next. Next, in August of 1997, the group of Muslims came to his home and stabbed him in the back with a sharp instrument. Singh's wife telephoned the police and he went to a clinic, where a doctor sutured the wound and gave him medication and a tetanus injection. Singh was released from the clinic that evening and the police came to his home and took a statement from him and his wife.

Finally, a few weeks later, the same individuals followed him and his family as they drove to a temple in another village. Singh reported the incident to the police. Based on those incidents, Singh fled to America out of fear for his life. His wife and son remained in India, where they move from place to place and continue to receive threats.

On cross-examination, the government identified inconsistencies relating to the date on which Singh's trucking business was closed, whether it was Singh or his wife who had called the police on the day he was stabbed, whether he spoke to the police at his house or at a clinic, and whether his wife was present when he was followed to the temple. Finally, the government asked Singh for evidence that the individuals who had threatened him were in prison, for police reports that would indicate that he and his family continue to receive threats, and for records that would verify that he owned a trucking business. Singh stated that he did not have such documentation in his possession, but that he could arrange to locate it.

At the conclusion of the hearing, the immigration judge denied Singh's application for relief and ordered him removed to India. In a subsequent written report, the judge stated that Singh was not credible due to multiple inconsistencies in his testimony and the lack of corroborating information provided at the hearing. The judge also stated that Singh's claims would not warrant relief even if he had been deemed credible because (1) he had not established that the threat of persecution existed countrywide; (2) he had not established that the alleged threats had a nexus to a protected ground under the relevant statutes; and (3) his testimony most plausibly indicated that his fears stemmed from a personal or business dispute.

The Board of Immigration Appeals ("the Board") affirmed the immigration judge's adverse credibility finding and explicitly declined to address the judge's alternative holdings on the merits. Singh now seeks our review of the Board's decision.

## DISCUSSION

### I.

Singh first argues that the immigration judge arbitrarily denied his application for withholding of removal because she improperly based her adverse credibility determination on inconsistencies that did not go to the heart of his claim.

When reviewing immigration proceedings, we review questions of law *de novo*. *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007). The immigration judge's factual findings, including credibility determinations, are reviewed under the deferential "substantial evidence" standard. *Id.*; *Hassan v. Gonzales*, 403 F.3d 429, 434 (6th Cir. 2005). Under this standard, we will reverse a factual determination of the immigration judge only if "the evidence not only supports a contrary conclusion, but compels it." *Ceraj*, 511 F.3d at 588 (internal quotation marks and emphasis omitted). When, as here, the Board adopts and affirms an immigration judge's adverse credibility finding, this Court reviews the immigration judge's finding directly. *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004).

Singh bears the burden of proving his eligibility for withholding of removal and must provide credible evidence to support his claim that his life or freedom would be threatened in India on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 C.F.R. 1208.16(b). This Court has held that "where an alien's testimony is the only evidence available, it can suffice where [it] is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis of the alien's alleged fear." *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004) (citation omitted).

In the instant case, the immigration judge determined that Singh was not credible based on inconsistencies regarding (1) the date on which his transport company had ceased operations

as compared to the date on which his driver was killed; (2) whether he was unconscious after he was attacked at his home and whether it was he or his wife who had called the police; (3) whether his wife was with him when he was attacked on his way to a temple; and (4) whether he believed he was targeted because his father was a retired deputy superintendent of police.

A judge's adverse credibility determinations must be based on "issues that go to the heart of the applicant's claim" and cannot be based on minor or irrelevant inconsistences alone. *Sylla v. INS*, 388 F.3d 924, 926 (6th Cir. 2004).[1] Some of the alleged inconsistences appear to be fairly minor. For example, Singh's inconsistent answers regarding whether the individuals who threatened him were jailed could fairly be attributed to his lack of understanding of the questions that were posed.[2] Singh's uncertainty regarding the dates on which his trucking business ceased operations is also understandable. *See Koulibaly v. Mukasey*, 541 F.3d 613, 624 (6th Cir. 2008) (minor inconsistences regarding dates do not support an adverse credibility determination).

However, other inconsistencies are more significant. The immigration judge could properly assign weight to Singh's unwavering testimony that his truck driver had been killed in

---

[1]The REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, changed the standard governing credibility determinations, stating that those determinations may be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Amir v. Gonzalez*, 467 F.3d at 925 n.4 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). However, this provision applies only to aliens who applied for asylum, withholding of removal, or other relief on or after May 11, 2005, the effective date of the provision. *Id.* (citing Pub. L. 109-13, div. B., § 101(h)(2), 119 Stat. 231 at 305). Singh applied for relief in October 2004, and this provision of the REAL ID Act does not apply to his claims.

[2]On direct examination, Singh stated that a group of individuals had threatened him and had been jailed, and then went on to discuss *other* members of the group who had attacked him to retaliate for his complaints to the police. When the government asked Singh whether his "assailants" had been jailed, it was reasonable for Singh to express confusion.

May of 1997 after his repeated assertions that his business "absolutely ceased" months prior to that date. It is also significant that police reports contradict Singh's testimony that he was unconscious and unable to call the police after he was attacked. Finally, it is suspicious that Singh's withholding application stated that he believed he was targeted because of his father's role as a superintendent of police, and that he made no mention of this allegation at his merits hearing. *See Sylla*, 388 F.3d at 926 (explaining that inconsistencies are significant if they can be viewed as attempts by the applicant to enhance his claims of persecution).

It was also proper for the immigration judge to consider the lack of corroborating evidence provided by Singh. *See Dorosh*, 398 F.3d at 382 (holding that when it is reasonable to expect corroborating evidence, the absence of such evidence can lead to a finding that an applicant has failed to meet her burden of proof).

Considering the lack of corroborating evidence and the number and nature of the inconsistencies in Singh's accounts of persecution, we hold that the immigration judge's adverse credibility finding was supported by substantial evidence.[3]

**II.**

Singh also argues that the Board arbitrarily denied his application for voluntary departure. The government argues that we lack jurisdiction to review this claim, because under 8 U.S.C. § 1229c(f), "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure[.]"

---

[3]Because the immigration judge's adverse credibility findings were supported by substantial evidence and because the Board affirmed on that basis alone, we need not address the judge's alternative bases for denying Singh's application for withholding of removal.

Singh contends that the jurisdictional limitation set forth in § 1229c(f) does not apply in his case because, under § 1252(a)(2)(D), the aforementioned statute shall not "be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D); *see also Patel v. Gonzales*, 470 F.3d 216, 219 (6th Cir. 2006) (holding that, with respect to applications for voluntary departure, only constitutional claims and questions of law are cognizable on appeal).

Singh's argument lacks merit. In the instant case, the immigration judge found (1) that Singh had failed to demonstrate that he had the means and intention to depart, and (2) that "due to [Singh's] complete lack of credibility and questionable corroborating documents or [sic] his testimony, . . . the respondent has not demonstrated to this Court's satisfaction that he is worthy of a favorable exercise of discretion." (Joint Appendix at 66.) Although Singh contends that the judge's first finding involves a question of law,[4] the second finding – an adverse credibility finding – is plainly a factual determination that provides an independent basis for denying Singh's claim. *See Ceraj*, 511 F.3d at 588; *Patel*, 470 F.3d at 219. Because the judge exercised her discretion to deny voluntary departure on that basis, we lack jurisdiction to review Singh's claim pursuant to 8 U.S.C. § 1229c(f).

## CONCLUSION

For the reasons stated above, we **DENY** Singh's petition for review.

---

[4]Singh argues that the immigration judge erred in holding that he lacked the means to depart because she failed to apply 8 C.F.R. § 1240.26(b)(3)(1)(B), which states that the alien shall be required to present his passport *unless* the document is already in possession of the Service.