NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0486n.06

No. 09-3772

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 06, 2010**
LEONARD GREEN, Clerk

CHEIKH SEYDI MOHAMED KOITA,

    Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an
Order of the Board of
Immigration Appeals

———————————————————————/

**Before:**    **GUY and GRIFFIN, Circuit Judges; HOOD, District Judge.**[*]

    **PER CURIAM.**    Petitioner Cheikh Seydi Mohamed Koita, a native and citizen of

Mauritania, appeals from the decision of the Board of Immigration Appeals (BIA) denying

his motion to reconsider the denial of his motion to reopen removal proceedings. Petitioner's

motion to reopen and motion for reconsideration relied on articles reporting a *coup d'etat* by

military leaders ousting Mauritania's democratically elected government in August 2008.

The BIA denied the motion to reopen and the motion for reconsideration on the grounds that

petitioner did not demonstrate a material change in conditions bearing on petitioner's claims

———————————

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky,
sitting by designation.

for relief.  After review of the record, we find no abuse of discretion and deny the petition for review.

## I.

Petitioner entered the United States on a nonimmigrant visa on May 2, 2004, and filed an affirmative application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) on September 29, 2004.  Petitioner was served with a Notice to Appear in removal proceedings on November 8, 2004, charging him with failing to comply with the conditions of the student status under which he was admitted.

Following a merits hearing on May 25, 2006, the Immigration Judge (IJ) found that petitioner was credible, but concluded that—although a close question—petitioner had failed to establish past persecution.  The IJ also concluded, in the alternative, that petitioner failed to demonstrate a well-founded fear of future persecution because conditions in Mauritania had improved.  On appeal, the BIA agreed that petitioner testified credibly that he was mistreated in Mauritania, but found that *even if* the mistreatment amounted to past persecution, the government proved changed country conditions such that petitioner no longer had a reasonable well-founded fear of future persecution or more likely than not faced torture upon return to Mauritania.

This court denied the petition for review of the BIA's decision denying his applications for asylum, withholding of removal, and relief under the CAT.  *Koita v. Mukasey*, 314 F. App'x 839 (6th Cir. 2009).  Significantly, in doing so, we observed that

because the BIA's decision did not adopt or address the IJ's finding that petitioner had failed to demonstrate past persecution, remand would be required if it were necessary to reach that issue. *Id*. at 843.[1] Remand was not necessary, however, because "[s]ubstantial evidence support[ed] the IJ's and BIA's conclusion that even if petitioner experienced past persecution in Mauritania, he [did] not have a well-founded fear of future persecution because the government successfully demonstrated sufficient evidence of a fundamental change in country conditions in Mauritania." *Id*.

Specifically, the record included evidence from the State Department's 2005 Country Report on Human Rights Practices in Mauritania, which reported the August 2005 military *coup* deposing former President Maaouiya Ould Sid'Ahmed Taya and establishment of a transitional government based on "'National Consultations' with over 500 political parties, NGOs, and public figures" that committed to a timeline for democratic elections no later than March 2007. *Id*. at 844. Indeed, we noted that the most relevant information in the 2005 Country Report was that "the transitional government had released, through a general amnesty, those convicted of '*coup* plotting and related crimes' and that there were 'no reports of political prisoners.'" *Id*. This court also rejected petitioner's claim that the BIA had erred by taking administrative notice of the fact that parliamentary elections were actually held in

---

[1]The opinion summarized petitioner's testimony regarding four incidents of mistreatment at the hands of police and his membership in the Action for Change (AC), which advocated for black students, and the Rally of Forces Democratic (RFD) political party. *Koita*, 314 F. App'x at 840-41.

late 2006 and early 2007 and that a free and fair presidential election resulted in the installation of Sidi Ould Cheikh Abdallahi as President of Mauritania in April 2007. *Id*.

On September 8, 2008, while the petition for review was still pending in this court, petitioner filed his motion to reopen removal proceedings. On February 27, 2009, the BIA denied the motion to reopen because petitioner had not demonstrated the materiality of the 2008 *coup* to his claims for relief. Petitioner submitted a timely motion for reconsideration alleging that the *coup* leaders had also been in charge of the military prior to the overthrow of President Taya in 2005. On May 28, 2009, the BIA denied reconsideration because petitioner failed to identify any factual or legal error in the prior decision. *See* 8 C.F.R. § 1003.2(c)(2). Also, treated as a motion to reopen, the BIA found that the evidence petitioner submitted failed to demonstrate materially changed conditions warranting reopening of the removal proceedings. This appeal followed.

## II.

This court reviews the BIA's decision to deny a motion to reopen or for reconsideration for abuse of discretion. *See* 8 C.F.R. § 1003.2(b)-(c); *Kucana v. Holder*, 130 S. Ct. 827, 834 (2010); *INS v. Doherty*, 502 U.S. 314, 323 (1992). We will "find an abuse of discretion if the denial of the motion to reopen 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Bi Feng Liu v. Holder*, 560 F.3d 485, 490 (6th Cir. 2009) (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir.

2005)). Legal issues are reviewed *de novo*. *Harchenko v. INS*, 379 F.3d 405, 409 (6th Cir. 2004).

Subject to several exceptions, a motion to reopen generally must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Having filed the motions well outside the 90-day period, petitioner sought relief under the exception for motions to reopen applications for asylum or withholding "based on changed country conditions . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(ii). There is no dispute that the evidence was not available because the BIA's final decision preceded the 2008 *coup d'etat.*

Petitioner essentially argues that the *coup* "undid" the earlier change in conditions that the BIA concluded would be sufficient to rebut the presumption of a well-founded fear of future persecution that would arise if petitioner had established past persecution on account of political opinion.[2] The evidence petitioner submitted with the motion to reopen, however, did little more than report the fact of the military *coup* led by General Mohamed Ould Abdel Aziz; international condemnation of the overthrow of President Abdallahi; and concern that the *coup* could affect foreign aid and efforts to combat slavery in Mauritania. However, "a motion to reopen based on changed country conditions 'cannot rely on speculative

---

[2]We note that, as the government points out, petitioner misstates the record by claiming that the IJ and the BIA concluded that he had established past persecution. This court specifically found that the BIA had not made a determination on that issue.

conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of individual persecution.'" *Harchenko*, 379 F.3d at 410 (citation omitted). The BIA did not abuse its discretion in finding that the petitioner had not shown the *coup* presented a threat of future harm to petitioner individually.

In an attempt to cure this deficiency, petitioner's motion to reconsider asserted that the changed conditions—the military *coup* in 2008—caused him to fear future persecution because the same leaders had allegedly been in control of the military before the 2005 military *coup* that ousted former President Taya. This allegation was neither proved nor shown to represent a threat of future harm to petitioner. The additional articles added only that the *coup* followed President Abdallahi's attempt to remove several top military officers, and that sanctions were imposed on the military government by the African Union in February 2009. Nor was there evidence that the *coup* resulted in the targeting of individuals similarly situated to petitioner. The BIA did not abuse its discretion in concluding that petitioner failed to present specific information showing a threat of future persecution to him individually so as to warrant reopening the removal proceedings on the grounds of materially changed conditions in Mauritania.

The petition for review is **DENIED**.