NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0747n.06

Nos. 08-4624; 09-4015

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Nov 03, 2011*

LEONARD GREEN, Clerk

EL ABASSE SIDI MOHAMED,                          )
                                                 )
         Petitioner,                             )
                                                 )
v.                                               )     ON PETITION FOR REVIEW OF
                                                 )     ORDERS OF THE BOARD OF
ERIC H. HOLDER, JR., Attorney General            )     IMMIGRATION APPEALS
                                                 )
         Respondent.                             )
                                                 )
                                                 )
                                                 )

Before: GILMAN and KETHLEDGE, Circuit Judges, LUDINGTON, District Judge.[*]

KETHLEDGE, Circuit Judge. El Abasse Sidi Mohamed, a native and citizen of Mauritania, filed two petitions for review of decisions by the Board of Immigration Appeals. The first petition challenges the denial of Sidi Mohamed's application for asylum or withholding of removal and the denial of his application for voluntary departure. The second challenges the denial of Sidi Mohamed's application to reopen his case. We lack jurisdiction over the first and deny the second.

I.

Sidi Mohamed entered the United States on December 28, 1996, using a Beninese passport. He filed a timely application for asylum and withholding of removal in April 1997 and an amended application in 2003 that added a claim for protection under the Convention Against Torture. In his

---

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

applications, Sidi Mohamed alleged that he and his family were slaves in Mauritania, that his father and two brothers died while imprisoned in Mauritania for their roles in an anti-slavery organization, and that Sidi Mohamed was arrested and beaten in Mauritania for his association with the same group.

The Immigration Judge denied Sidi Mohamed's application and ordered him removed.  On December 1, 2005, the Board affirmed.  Sidi Mohamed then filed a motion to "reopen and reconsider" the Board's decision because the Board had overlooked his request for voluntary departure.  On February 8, 2006, the Board granted his motion and remanded back to the IJ "for the sole purpose of allowing [Sidi Mohamed] the opportunity to qualify for voluntary departure."  The IJ denied Sidi Mohamed's application for voluntary departure, concluding that he was statutorily ineligible for it and, alternatively, that the IJ would deny the application as a matter of discretion. The Board affirmed on November 6, 2008.  Sidi Mohamed filed a petition for review with this court on December 2, 2008.

He then filed a second motion to reopen and reconsider with the Board, citing changed circumstances in Mauritania following a coup.  The Board denied that motion on July 29, 2009, and Sidi Mohamed filed a petition to review that decision on August 21, 2009.  Both petitions are before us now.

A.

The Board entered its decision affirming the IJ's removal order on December 1, 2005.  Sidi Mohamed did not petition for review of that decision until three years later—well after the jurisdictional 30-day deadline for doing so.  8 U.S.C. § 1252(b)(1); *Prekaj v. INS*, 384 F.3d 265,

267–68 (6th Cir. 2004). His petition is therefore facially untimely.

Sidi Mohamed points out, however, that the Board granted his motion to reopen and reconsider his request for voluntary departure. In his view, the December 1, 2005 decision did not become a final order of removal under § 1252(b)(1) until three years later, when the Board affirmed the IJ's decision to deny voluntary departure. Only then, in Sidi Mohamed's view, did the 30-day clock begin ticking.

We disagree. The "sole purpose" of the Board's remand to the IJ was to consider Sidi Mohamed's request for voluntary departure. We have specifically held that a decision denying relief from an IJ's removal order while remanding "for the sole purpose" of considering a request for voluntary departure—which is precisely the sort of remand we have here—is a "final order of removal" as that phrase is used in the statute, § 1252(b). *See Giraldo v. Holder*, ___ F.3d ___, No. 09-4445, 2011 WL 3524304, at \*2–7 (6th Cir. Aug. 12, 2011). The *Giraldo* court's reading of "final order" in the statute applies retroactively. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."). So the Board's December 1, 2005 order in this case was final on the day it was entered. Per § 1252(b)(1), the 30-day period for seeking review of the order began on that day as well. We therefore lack jurisdiction to review the removal order.

### B.

Sidi Mohamed also challenges the Board's denial of voluntary departure. He argues that the IJ mistakenly found that Sidi Mohamed was statutorily ineligible for voluntary departure based on

a lack of good moral character. *See* 8 U.S.C. § 1229c(b)(1)(B); 8 U.S.C. § 1101(f)(6). But Sidi

Mohamed does not challenge the IJ's alternate conclusion, affirmed by the Board, that the IJ would

not exercise his discretion to permit voluntary departure. This court lacks jurisdiction to review that

conclusion. *See* 18 U.S.C. § 1229c(f); *Singh v. Holder*, 326 F. App'x 378, 382 (6th Cir. 2009); *see

also Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 97 (2d Cir. 2007). We therefore dismiss the

petition in No. 08-4624 for lack of jurisdiction.

## II.

In his second petition, Sidi Mohamed challenges the Board's denial of his motion to reopen.

He filed the motion on the theory that a 2008 coup in Mauritania represented "changed

circumstances" allowing him to reapply for asylum or withholding of removal under 8 C.F.R.

§ 1003.2(c)(3)(ii). Specifically, he cited reports of the new regime's violence against "opposition

groups" and use of torture as evidence that he, a member of an anti-slavery group, would be abused

upon return. As the Board's opinion denying his motion correctly noted, however, Sidi Mohamed

does not point to any "specific information showing a real threat of individual persecution," such as

evidence that the new regime targeted "similarly situated" individuals (*e.g.*, other anti-slavery

activists). *See Harchenko v. INS*, 379 F.3d 405, 410 (6th Cir. 2004); *see also Koita v. Holder*, 389

F. App'x 491, 493–94 (6th Cir. 2010) (per curiam). The closest Sidi Mohamed comes to suggesting

that the new regime might target anti-slavery activists is his claim, without citation, that "the coup

nullified the anti-slavery laws" of the former government. Yet Sidi Mohamed later reveals this to

be an overstatement: Confronted with the government's observation that he had pointed to no

instance in which the new regime repealed anti-slavery legislation, Sidi Mohamed replied simply that

Nos. 08-4624; 09-4015
*Sidi Mohamed v. Holder*

"the very act of overthrowing a government through a coup implicitly shows a contempt for the rule of law and the laws of the former regime." That is not proof of a specific threat of individual persecution; and thus the Board did not abuse its discretion in denying the motion to reopen. *See Acquaah v. Holder*, 589 F.3d 332, 334 (6th Cir. 2009).

\* \* \*

We dismiss the petition in No. 08-4624 and deny the petition in No. 09-4015.