RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0217p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DORA LILIANA GIRALDO; ISABELLA
SANTAMARIA,

                    *Petitioners,*

       *v.*

ERIC H. HOLDER, JR., Attorney General,
                    *Respondent.*

No. 09-4445

On Petition for Review of an Order
of the Board of Immigration Appeals.
Nos. A099 924 796; A099 924 797.

Argued: April 19, 2011

Decided and Filed: August 12, 2011

Before: BATCHELDER, Chief Judge; SUHRHEINRICH and GRIFFIN, Circuit
Judges.

_____

## COUNSEL

_____

**ARGUED:** Jennifer Jordan Hall, Louisville, Kentucky, for Petitioners. Wendy Benner-Leon, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Jennifer Jordan Hall, Louisville, Kentucky, for Petitioners. Emily Anne Radford, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION

_____

SUHRHEINRICH, Circuit Judge. Petitioner Dora Liliana Giraldo and her minor daughter (collectively Petitioners), seek review of the order of the Board of Immigration Appeals ("BIA") vacating the immigration judge's ("IJ") order granting Petitioners withholding of removal. The Attorney General contends that because the BIA also

remanded to the IJ to allow Giraldo to apply for voluntary departure, there is as yet no final order, such that we lack jurisdiction.

We conclude that we have jurisdiction, but decline to exercise it for prudential reasons.

## I. Background

Petitioners illegally entered the United States at El Paso, Texas in February 2002, from Colombia. They applied for asylum on August 10, 2006. They also sought withholding of removal and relief under the Convention Against Torture ("CAT"). Their application was untimely and was referred to the immigration court.[1] By Notices to Appear served March 1, 2007, Petitioners were charged pursuant to section 212(a)(6)(A)(i) of the Immigration of Nationality Act ("INA") 8 U.S.C. § 1182(a)(6)(A)(i), with being removable from the United States as aliens illegally present in the United States without inspection, admission, or parole. Petitioners conceded the charges, and their removability is uncontested on review.

The IJ held an evidentiary hearing on October 11, 2007. The IJ denied Petitioners' application for asylum as untimely and declined to withhold removal under CAT for lack of proof. The IJ found both Petitioners removable under 8 U.S.C. § 1182(a)(6)(A)(i), but granted Petitioners withholding of removal as to Colombia under 8 U.S.C. § 1231(b)(3). The IJ further "order[ed] both [Petitioners] to be removed in accordance with Section 241(b) [8 U.S.C. § 1231(b)] to any country other than Colombia."

---

[1] An application for asylum must be filed within one year of the alien's arrival or it is untimely. *See* 8 U.S.C. § 1158(a)(2)(B) & (D). However, that time limit does not apply to applications for withholding of removal, which are adjudicated by IJs in removal proceedings. 8 C.F.R. §§ 1208.4(a), 1208.16(a).

The Department of Homeland Security ("DHS") appealed the decision in both cases, claiming that the evidence presented was vague and lacked corroboration. Petitioners moved to consolidate the appeals.[2]

On October 30, 2009, the BIA concluded that Petitioners failed to establish a clear probability of future persecution in Colombia on account of political opinion. It sustained the DHS's appeal, reversed the IJ's grant of withholding of removal, and "remanded" the record to the IJ "for the sole purpose of allowing [Petitioners] to apply for voluntary departure."

Petitioners now seek review in this court, a stay of removal, and an order staying the BIA's remand to the IJ. Respondent, the Attorney General ("Attorney General" or "Government"), has moved to dismiss the petition for lack of jurisdiction. On February 4, 2010, this court denied the motion to dismiss, but directed the parties to address this court's jurisdiction in their appellate briefs. This court also denied Petitioners' motion to stay the BIA's remand to the IJ, but stayed Petitioners' removal pending review.

Petitioners filed a timely petition for review of the BIA's decision with this court. First we must consider the Government's motion to dismiss.

## II. Analysis

### A. Jurisdiction

The Attorney General argues that this court lacks jurisdiction to consider the petition for review because there is no final order of removal. The Attorney General claims that the order is not final because the BIA remanded the proceedings to the IJ for further consideration of voluntary departure relief. Petitioners respond that an order of voluntary departure is discretionary and there is nothing left pending before the BIA.

We review questions of subject matter jurisdiction and law de novo. *Elgharib v. Napolitano*, 600 F.3d 597, 600-01 (6th Cir. 2010).

---

[2]Petitioners did not cross appeal the denial of asylum or relief under CAT, and do not challenge those decisions on review.

Section 242, 8 U.S.C. § 1252, of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, Div. C, 110 Stat. 3009-546 (1996), is the statutory basis for judicial review of administratively final removal orders. 8 U.S.C. § 1252(a). Our "review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter" is limited to "judicial review of a final order." *Id.* § 1252(b)(9). This court has jurisdiction to review "a final order of removal" if "(1) the alien has exhausted all administrative remedies available to the alien as of right, and (2) another court has not decided the validity of that order." *Id*. § 1252(d). "The term 'order of [removal]' means the order of the special inquiry officer[3], or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is [removable], concluding that the alien is [removable] or ordering [removal]." 8 U.S.C. § 1101(a)(47)(A).[4] Orders of removal became administratively final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B)(i)&(ii).

Federal appellate court review is "the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). But such review is limited. First, subsection 242(a)(2)(B) precludes the review of an order granting voluntary departure. Section 1252(a)(2)(B)(i) states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under . . . section 1229c."*Id.* § 1252(a)(2)(B)(i). Further, § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this

---

[3]An IJ is a "special inquiry officer." 8 C.F.R. § 3.0 (noting that "immigration judges" are "referred to in some regulations as special inquiry officers").

[4]"'Deportable' is synonymous with 'removable.'" *Rhodes-Bradford v. Keisler*, 507 F.3d 77, 79 (2d Cir. 2007) (citation omitted). Prior to 1996, the relevant proceedings were called "deportation" proceedings. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, Div. C, 110 Stat. 3009-546 (1996), changed the terminology. *See Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1079 n.2 (9th Cir. 2010).

subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." *Id.* § 1252(a)(2)(B)(ii).**5**

Voluntary departure is a discretionary form of relief.  8 U.S.C. § 1229c(a)(1); *Harchenko v. INS*, 379 F.3d 405, 411 (6th Cir. 2004).  And § 1229c specifically excludes judicial review of the denials of a request for voluntary departure.  8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b) of this section, nor shall any court order of a stay of an alien's removal pending consideration of any claim with respect to voluntary departure."); *see also Harchenko,* 379 F.3d at 412 n.2 ("It is clear under the IIRIRA this court has no authority to review discretionary grants and denials of voluntary departure . . .[under 8 U.S.C. § 1229c(f)]").  *See generally Ngarurih v. Ashcroft*, 371 F.3d 182, 193 (4th Cir. 2004) ("IIRIRA also changed the rules concerning judicial review of voluntary departure decisions.").

So the question in this case is whether we have an administratively final order of removal for purposes of § 1252 despite the fact that the BIA remanded to the IJ "for the sole purpose of allowing Petitioners to apply for voluntary departure."

A number of courts have held that a BIA order denying relief from removal and remanding for the exclusive purpose of considering a request for voluntary departure is a final order of removal subject to federal appellate court jurisdiction.  *See Alibasic v. Mukasey*, 547 F.3d 78, 83-84 (2d Cir. 2008) (reasoning that the IJ's underlying finding of removability based on the alien's concessions of removability remains in place after BIA removes an impediment to removal); *Saldarriaga v. Gonzales*, 402 F.3d 461, 466 n.2 (4th Cir. 2005) (holding that BIA's reversal of IJ's grant of asylum and remand to IJ to allow the petitioner to apply for voluntary departure was an immediately appealable final order); *Del Pilar v. U.S. Att'y Gen.*, 326 F.3d 1154, 1157 (11th Cir. 2003) (per

---

**5**The jurisdiction-stripping provisions are not absolute; § 1252(a)(2)(D) restores jurisdiction to circuit courts to review constitutional claims and questions of law raised in a petition for review of a removal order. 8 U.S.C. § 1252(a)(2)(D); *Patel v. Gonzales*, 470 F.3d 216, 219 (6th Cir. 2006). *See also Serrato-Soto v. Holder*, 570 F.3d 686, 689 (6th Cir. 2009) (holding that this court had jurisdiction to review the BIA's denial of the alien's application for voluntary departure because it presented a question of law).

curiam) (holding that a BIA order denying relief from removal but remanding the case for voluntary departure proceedings or other subsidiary determinations was a final order of removal because "all of the issues presented to us were subject to a final order by the BIA and there is nothing remaining for [the petitioner] to appeal as the only thing left for the IJ to determine is the country to which [the petitioner] will be removed"); *Castrejon-Garcia v. INS*, 60 F.3d 1359, 1361-62 (9th Cir. 1995) (holding that the BIA's order reversing the grant of suspension and remanding to the IJ for a determination of voluntary departure was a final order of removal because "there was nothing pending before the Board and the petitioner had no reason or basis for appealing the Immigration Judge's decision in his favor"). This court is in accord. *See Perkovic v. INS*, 33 F.3d 615, 619 (6th Cir. 1994) ("We are aware of no authority for the proposition that a BIA order rejecting an asylum application is not a final order unless a formal order of deportation has already been issued.").

Further, a number of courts of appeals have held that an order is final for purposes of § 1252(a)(1) when the removability determination is no longer appealable to the BIA, even if a formal order of removal has not yet been entered, *see, e.g.*, *Lazo v. Gonzales*, 462 F.3d 53, 54 (2d Cir. 2006) (holding that "the statutory requirement of an order of removal is satisfied when–as here–the IJ *either* orders removal or concludes that an alien is removable"); *Solano-Chicas v. Gonzales*, 440 F.3d 1050, 1053-54 (8th Cir. 2006) (holding that the BIA's reversal of the IJ's cancellation of removal created a final order of removal); *Nreka v. U.S Att'y Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005) (finding jurisdiction over a BIA decision denying asylum despite absence of an express final order of removal because the denial of asylum is closely tied to removal), or even when the BIA has remanded for limited further proceedings, *see, e.g.*, *Yusupo v. Attorney General*, 518 F.3d 185, 195-96 (3d Cir. 2008) (holding that BIA order affirming IJ's denials of asylum were final despite the fact that BIA also remanded to the IJ for the purpose of allowing DHS to complete identity and law enforcement investigations and entry of an order on that information pursuant to 8 C.F.R. § 1003.1(d)(6) and 8 C.F.R. § 1003.47(h) because the latter were "administrative matters" that "d[id] not affect the controlling removal determination").

Notwithstanding, the Attorney General contends that the statutory and regulatory scheme governing adjudication, enforcement, and judicial review in immigration proceedings compels the conclusion that there is as yet no final order in this case because removal proceedings are ongoing on remand to the IJ. The Attorney General reasons as follows: This court has jurisdiction only to review "a *final* order of removal," under 8 U.S.C. § 1252(a)(1); the Attorney General has ninety days to remove an alien once "an alien is ordered removed," and the "removal period" begins "[t]he date the order of removal becomes administratively final," 8 U.S.C. § 1231(a)(1)(B)(i), unless stayed by the Court of Appeals, *id.* § 1231(a)(1)(B)(ii); and under the statute and regulations governing voluntary departure, the immigration judge enters the removal order at the point that he grants or denies that relief. *See* 8 U.S.C. § 1229c(a) & (b); 8 C.F.R. § 1240.26. Therefore, there is no "final order of removal" until the Attorney General possesses the authority to execute it, and that authority does not exist until the immigration judge either grants or denies voluntary departure.

We reject this reasoning. First of all, "order of [removal]" is defined in the disjunctive as "the order of the special inquiry officer . . . concluding that the alien is [removable] or ordering [removal]." 8 U.S.C. § 1101(a)(47)(A); *Lazo v Gonzales*, 462 F.3d 53, 54 (2d Cir. 2006) (per curiam). "Accordingly, the statutory requirement of an order of removal is satisfied when . . . the IJ *either* orders removal or concludes that an alien is removable." *Id. See also Viracacha v. Mukasey*, 518 F.3d 511, 513-14 (7th Cir. 2008) ("There is a statutory answer to the question 'how can a decision to withhold removal be a final order of removal?' A definitional clause in the statute says that an 'order of deportation' . . . means an order of the agency 'concluding that the alien is deportable *or* ordering deportation.'" (quoting 8 U.S.C. § 1101(a)(47)(A))). *See generally Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140, 1146 (10th Cir. 2007) (stating that "[i]f the IJ makes a finding of removability, that finding satisfies § 1101(a)(47)'s definition of an order of deportation").

An "order of [removal]" becomes "final" upon "a determination by the Board of Immigration Appeals affirming such order," or upon "the expiration of the period in

which the alien is permitted to seek review of such order" by the BIA.  8 U.S.C. § 1101(a)(47)(B)(i)&(ii). Here, the BIA's order reversing IJ's grant of withholding of removal to Colombia amounted to such an order because it left in place the IJ's order that Petitioners were removable and that they be removed in accordance with § 241(b). *See Lazo*, 462 F.3d at 54 (holding that statutory requirement for final order of removal was satisfied because the IJ found the petitioner was removable, and BIA's reversal of IJ's waiver from removability merely removed an impediment to the removal that was ordered by the IJ); *cf. Madrigal v. Holder*, 572 F.3d 239, 242 (6th Cir. 2009) (holding that this court had jurisdiction to review the BIA's order automatically withdrawing the petitioner's administrative appeal because the BIA's withdrawal order gave final effect to the IJ's order denying the petitioner's request to reopen her case and to the IJ's removal order).

Furthermore, because the IJ's decision regarding voluntary departure is not subject to judicial review, the BIA's order reversing the IJ's grant of withholding of removal is, in effect, a "final order."  This is the basic reasoning underlying the cases outlined above, including our decision in *Perkovic*, which analyzed a previous version of the INA.  There, this court held that a BIA order rejecting an asylum application may constitute a final order even if no formal order of removal has been issued.  The petitioners had requested asylum and withholding.  The IJ granted asylum but did not rule on the withholding issue.  The BIA reversed the IJ's grant of asylum and remanded the case.  The IJ later entered an order designating Yugoslavia as the destination of deportation and granted voluntary departure.  The petitioners appealed the BIA's ruling. The INS contended there was no final order and therefore no jurisdiction in this court. We rejected the argument, explaining that:

> An "order of deportation" includes more than just the piece of paper authorizing the government to take custody of the alien and transport him beyond our frontiers. The term extends to any denial of discretionary relief during a deportation proceeding, where such relief, if granted, would foreclose deportation. Denials of applications for withholding of deportation or for asylum, like denials of applications for suspension of deportation, qualify as "order[s] of deportation" that may be judicially reviewed. *INS v. Chadha*, 462 U.S. 919, 937-39, 103 S. Ct.

2764, 2777-78, 77 L. Ed. 2d 317 (1983); *Foti v. INS*, 375 U.S. 217, 222-31, 84 S. Ct. 306, 310-15, 11 L. Ed. 2d 281 (1963); *Carvajal-Munoz v. INS*, 743 F.2d 562, 566-67 (7th Cir.1984). The *Carvajal-Munoz* case, which analyzes in detail *Foti* and *Cheng Fan Kwok v. INS*, 392 U.S. 206, 88 S. Ct. 1970, 20 L. Ed. 2d 1037 (1968), squarely holds that denial of an asylum application is a reviewable "order of deportation."

In this case, each issue presented to us has been the subject of a "final order of deportation." The immigration judge's order directing the deportation of the petitioners to Yugoslavia if they stayed beyond the period granted them for voluntary departure is "final," because the time allotted for an appeal to the Board has expired with no appeal having been taken. *See* 8 C.F.R. § 243.1. The Board order sustaining the INS appeal from the granting of asylum is likewise final. As "an order issued by the Board," it was "final as of the date of the Board's decision." *Id*. We are aware of no authority for the proposition that a Board order rejecting an asylum application is not a final order unless a formal order of deportation has already been issued.

*Perkovic*, 33 F.3d at 618-19. *See also Adesoya v. Att'y Gen.*, 186 F. App'x 306, 309 (3rd Cir. 2006) (noting that in *Perkovic*, the denial of relief essentially functioned as a removal order).

In short, because all of the orders that "would foreclose [removal]" in this case have been presented to the BIA, and all that is remaining is the discretionary issue of voluntary departure, there is no bar to our exercise of jurisdiction at this time.

The Attorney General also relies on 8 U.S.C. § 1252(b)(9), "known as the 'zipper' clause because it consolidates or 'zips' judicial review of immigration proceedings into one action in the court of appeals." *Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1082 (9th Cir. 2010) (citation and internal quotation marks omitted). *See also INS v. St. Cyr,* 533 U.S. 289 (2001) (stating that "[w]e have previously described § 1252(b)(9) as a 'zipper clause' . . . [whose] purpose is to consolidate 'judicial review' of immigration proceedings into one action in the court of appeals," and noting that it applies only to review of orders of removal under subsection (a)(1) of § 1252); *Reno v. Am.-Arab Anti-Discrim. Comm.*, 525 U.S. 471, 482-83 (1999) (describing in dictum § 1252(b)(9) as a "general jurisdictional limitation" and as an "unmistakable 'zipper'

clause").[6]   This reliance is misplaced because it presupposes judicially reviewable orders.  As noted, the discretionary grant or denial of voluntary departure is not such an order. *But see Patel v. Gonzales*, 470 F.3d 216, 219 (6th Cir. 2006) (noting that while our jurisdiction is limited with respect to voluntary departure determinations under § 1252(a)(B)(i), where voluntary departure raises a constitutional or legal question, we retain jurisdiction, pursuant to § 1252(d)).

Finally, the Attorney General also argues that our decision "is informed if not controlled by" the Supreme Court's longstanding decision in *Foti v. INS*, 375 U.S. 217 (1963).  This reliance is misplaced.  In *Foti*, the petitioner conceded deportability and sought two forms of discretionary relief: suspension of deportation, and in the alternative, voluntary departure.  The IJ denied suspension of deportation but granted voluntary departure.  The petitioner appealed to the BIA and filed an action in federal district court.  The district court dismissed the action on the ground that under § 106(a) of the INA, 8 U.S.C. § 1105a(a) (the predecessor of § 1252), the exclusive procedure for obtaining judicial review was the appropriate federal court of appeals.  The Second Circuit en banc court dismissed the petition for lack of jurisdiction, holding that term "final orders of deportation" in § 106(a) did not include a denial of discretionary relief under § 244(a)(5), the provision governing suspension of deportation.  The Supreme Court granted certiorari to resolve a conflict among the circuits regarding the interpretation of the jurisdictional language in § 106(a): "Specifically, we must decide a rather narrow question of statutory construction–whether a refusal by the Attorney General to grant a suspension of deportation is one of those 'final orders of deportation' of which direct review by Courts of Appeals is authorized under § 106(a) of the Act." *Foti*, 375 U.S. at 221.  The Court concluded that the term "final orders of deportation" was not limited to adjudications of deportability, but included discretionary determinations by the Attorney General such as the refusal to grant a suspension of deportation. *Id.* at 222-28.  The Court also stated in dictum that "it seems rather clear

---

[6]As one treatise has observed, "[t]he precise scope and meaning of INA § 242(b)(9) . . . remains to be determined."  8 Charles Gordon, Stanley Mailman & Stephen Yale-Loehr, 8 *Immigration Law and Procedure*, § 104.13[4][d][xi] (Matthew Bender, Rev. Ed. 2011).

that all determinations made during and incident to the administrative proceeding conducted by a special inquiry officer, and reviewable together by the Board of Immigration Appeals, such as orders denying voluntary departure . . . and orders denying the withholding of deportation . . . are likewise included within the ambit of the exclusive jurisdiction of the Courts of Appeals under § 106(a)." *Id.* at 230.

First, the Supreme Court's comments concerning orders denying voluntary departure were dictum, because the IJ's decision regarding voluntary departure in *Foti* was not at issue. Second, § 106 of the INA was replaced by § 1252 of the IIRIRA. *Ngarurih v. Ashcroft*, 371 F.3d 182, 192 (4th Cir. 2004). The IIRIRA expressly abolished our authority to review discretionary grants and denials of voluntary departure. *Id.* at 193. Thus, *Foti* does not support the Attorney General's argument in this case. *Cf. Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009) (holding that *Foti* "strongly counsel[ed]" that the petitioner's order of removal was not a final order of removal where the BIA order affirmed the IJ's denial of the petitioner's application for asylum, but remanded the alien's applications for withholding of removal and relief under CAT, because IJ's decisions on these applications would directly affect his removability); *Mahecha-Granados v. Holder*, 324 F. App'x 735, 737-39 (10th Cir. 2009) (holding that the court of appeals lacked jurisdiction to review the BIA's order reversing the grant of asylum and remanding because the IJ had before him claims seeking other "impediments" to the alien's removal; distinguishing *Del Pilar*, *Saldarriaga*, *Castrejon-Garcia*, and *Yusupov* on grounds that "none involved consideration of additional claims for relief from removal," and "the issues to be considered on remand could not affect the controlling removal determinations").

In sum, we conclude that we have jurisdiction to review the BIA's order denying withholding of removal.

## B. Prudential Concerns

Having concluded that we have jurisdiction to review the BIA's order, we nonetheless decline to exercise that jurisdiction for prudential reasons, in light of the recent amendment to the voluntary departure regulation that took effect on January 20, 2009.[7] It provides in relevant part that:

> [i]f, prior to departing the United States, the alien files a petition for review pursuant to section 242 of the Act (8 U.S.C. 1252) or any other judicial challenge to the administratively final order, any grant of voluntary departure shall terminate automatically upon the filing of the petition or other judicial challenge and the alternate order of removal entered pursuant to paragraph (d) of this section shall immediately take effect.

---

[7]Prior to the amendment, voluntary departure automatically withdrew an alien's motion to reopen, and if the alien overstayed the departure date, she would be subject to penalties. Thus, the alien was forced to choose between departing and foregoing her motion to reopen, or staying in the United States and incurring penalties for failing to timely depart. *Patel v. Attorney General*, 619 F.3d 230, 234 n.4 (3d Cir. 2010).

*Dada v. Mukasey*, 554 U.S. 1 (2008), preceded the amendment. In *Dada*, the BIA affirmed an immigration judge's grant of voluntary departure, ordering Dada to depart within thirty days. Before the end of that period, Dada sought to withdraw his voluntary departure request and filed a timely motion to reopen removal proceedings. After the voluntary departure period expired, the BIA denied Dada's request, holding that an alien who has been granted voluntary departure but does not depart within the voluntary departure period is statutorily barred from receiving a status adjustment. The Supreme Court reversed and remanded, holding that "to safeguard the right to pursue a motion to reopen for voluntary departure recipients, the alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen." *Id.* at 21.

As the *Patel* court observed:

> Section 1240.26 thus eliminates one of the *Dada* Court's primary concerns, *i.e.*, that an alien who fails to timely depart in order to pursue a motion to reopen would be subject to penalties. By automatically terminating a grant of voluntary departure upon the filing of a motion to reopen or a petition for review, the regulation at issue protects an alien from penalties for failure to depart within the allotted period.

*Patel*, 619 F.3d at 234 n.5. As the *Patel* court also noted, under 8 C.F.R. § 1240.26(i), an alien does not necessarily lose the right to file a petition for review. If she departs voluntarily within 30 days of filing a petition for review and provides proof that she remains outside of the United States, she will not be deemed to have departed under an order of removal and therefore can pursue her petition for review. *Id.*

8 C.F.R. § 1240.26(i) (emphasis added).**⁸** *See also* 8 C.F.R. § 1240.26(f) (dealing with "[e]xtensions of time to depart"; stating that "the filing of a petition for review has the effect of automatically terminating the grant of voluntary departure, and accordingly also does not toll, stay, or extend the period allowed for voluntary departure").

Thus, under the amended regulation, a grant of voluntary departure on or after January 20, 2009, automatically terminates with the filing of a petition for review. 8 C.F.R. § 1240.26(i). "On its face, the current voluntary departure regulation reflects the Attorney General's intention to limit a petitioner's eligibility for voluntary departure where the petition has sought judicial review, and to ensure uniformity in the administration of the immigration laws." *Hakim v. Holder*, 611 F.3d 73, 79 (1st Cir. 2010). It has "thus altered the decision-making process for a petitioner interested in seeking judicial review" because now she "must elect either voluntary departure *or* judicial review of her petition." *Id.*; s*ee also Patel v. Att'y Gen.*, 619 F.3d 230 (3rd Cir. 2010) (holding that under the new voluntary departure guideline, 8 C.F.R. § 1240.26(h), the alien's voluntary departure terminated upon her filing of a petition for review).

*Hakim* dealt with a situation similar to this case. There, as here, the petitioner filed a petition for judicial review *before* the IJ determined his eligibility for voluntary departure. *Hakim*, 611 F.3d at 79. As the *Hakim* court observed, the new voluntary departure regulation does not directly address this scenario because "[t]he automatic

---

**⁸**8 C.F.R. § 1240.26(i), took effect on January 20, 2009 and states, in full:

(i) Effect of filing a petition for review. If, prior to departing the United States, the alien files a petition for review pursuant to section 242 of the Act (8 U.S.C. 1252) or any other judicial challenge to the administratively final order, any grant of voluntary departure shall terminate automatically upon the filing of the petition or other judicial challenge and the alternate order of removal entered pursuant to paragraph (d) of this section shall immediately take effect, except that an alien granted the privilege of voluntary departure under 8 C.F.R. 1240.26(c) will not be deemed to have departed under an order of removal if the alien departs the United States no later than 30 days following the filing of a petition for review, provides to DHS such evidence of his or her departure as the ICE Field Office Director may require, and provides evidence DHS deems sufficient that he or she remains outside of the United States. The Board shall advise the alien of the condition provided in this paragraph in writing if it reinstates the immigration judge's grant of voluntary departure.... Since the grant of voluntary departure is terminated by the filing of the petition for review, the alien will be subject to the alternate order of removal, but the penalties for failure to depart voluntarily under section 240B(d) of the Act shall not apply to an alien who files a petition for review, and who remains in the United States while the petition for review is pending.

termination provision of the current regulation assumes a chronological order, i.e., that the grant of voluntary departure *precedes* the filing of a petition for judicial review." *Hakim*, 611 F.3d at 79.  Noting that a number of its sister circuits have held that a BIA order denying relief from removal and remanding for consideration of voluntary departure is a final order of removal, *id.* at 77-78, 79 n.4, the *Hakim* court assumed jurisdiction for the sake of argument, but declined to exercise it for prudential reasons. "By exercising jurisdiction in this case, we would be permitting Hakim to circumvent the regulation by allowing him to seek both voluntary departure and judicial review, thus hindering judicial economy and denying the government the benefit of 'a prompt and costless departure.'" *Id.* at 79. "To prevent such a result," the court thought "it wiser, for prudential reasons, to remand the case to the IJ" to allow the IJ to decide whether to grant Hakim voluntary departure.  *Id.*  It therefore dismissed, without prejudice, the petition seeking review of the BIA's determination that he was not eligible for asylum or withholding of removal.  *Id.*

We likewise think it more prudent to decline to exercise jurisdiction at this time. If Petitioners are granted voluntary departure, they "can at that point decide whether to comply with the relevant departure provisions, 8 U.S.C. § 1229c(b), or else to file a petition for judicial review" of their application for withholding of removal.  *See id.*

### III.  Conclusion

For the foregoing reasons, the petition for review of the BIA's denial of removal of withholding is DISMISSED without prejudice.