FILED
United States Court of Appeals
Tenth Circuit

October 28, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARAM BATUBARA; IMELDA
ROSALYNA PURBA,

      Petitioners,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 12-9549

---

**ON PETITION FOR REVIEW FROM
THE BOARD OF IMMIGRATION APPEALS**

---

Submitted on the briefs:[*]

Armin A. Skalmowski, Alhambra, California, for the Petitioners.

Stuart F. Delery, Principal Deputy Assistant, Attorney General, William C. Peachey, Assistant Director, Ada E. Bosque, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

---

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**BRISCOE**, Chief Judge.

Petitioners, wife and husband, Imelda Rosalyna Purba and Aram Batubara, who are citizens of Indonesia, seek review of the Board of Immigration Appeals' (BIA) order dismissing their appeal from the denial of their applications for withholding of removal and relief under the Convention Against Torture (CAT). We dismiss the untimely petition for review for lack of jurisdiction.

## I. Background.

Petitioners legally entered the United States but remained after their authorized stay expired. They conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) in 2004. Purba alleged persecution on account of her Christian evangelism, and Batubara sought derivative relief through Purba. In 2006, the immigration judge (IJ) denied petitioners' applications for relief. Petitioners' appeal to the BIA was dismissed, but on review this court granted the government's unopposed motion for remand in light of a recent circuit decision. In April 2009, the IJ again found that petitioners' removability had been established and that their asylum request was untimely filed. The IJ denied their withholding of removal requests because Purba had not shown past persecution or a well-founded fear of future persecution in order to qualify for withholding of removal, nor had she shown persecution by a government official in order to qualify for relief under the CAT. The IJ granted petitioners a 60-day

voluntary departure period, and ordered them removed if they failed to voluntarily depart. Petitioners appealed to the BIA.

On May 4, 2011, the BIA upheld the IJ's denial of asylum, withholding of removal, and relief under the CAT and dismissed the appeal. The BIA then noted the record did not show if petitioners had timely posted the voluntary-departure bond, or if the IJ had advised petitioners they were required to submit proof of having posted this bond, as required by 8 C.F.R. § 1240.26(c)(3). Thus, the BIA remanded for the IJ to provide all advisals that were required when he granted voluntary departure.

On remand, petitioners withdrew their requests for voluntary departure. The IJ issued an order on March 28, 2012, denying voluntary departure and ordering petitioners removed to Indonesia. Only then, on April 23, 2012, did petitioners file this petition seeking review of the BIA's May 4, 2011, ruling. At the same time, petitioners also appealed the IJ's March 28, 2012, order to the BIA. That appeal remains pending.

## II. Analysis.

A petition for review must "be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). In their initial briefing, both parties asserted that the petition for review was timely. Pet'rs Br. at 2 ("On March 28, 2012, the IJ issued final orders of removal. On April 23, 2012, petitioners filed a timely petition for review with this Court."); Resp't Br. at 2 ("The petition for review was timely filed. . . ."). But we ordered the parties to file supplemental jurisdictional

- 3 -

briefs to address whether the BIA's May 4, 2011, order—not the IJ's March 28, 2012 order—was the final order of removal. We conclude the BIA's May 4, 2011, order was the final order of removal. Thus, the April 2012 petition for review was untimely filed, and we lack jurisdiction over this petition.

Under the Immigration and Nationality Act (INA), circuit courts have jurisdiction to review solely "a final order of removal." 8 U.S.C. § 1252(a)(1); *see also Padilla-Caldera v. Holder*, 637 F.3d 1140, 1144 (10th Cir. 2011); *Hamilton v. Gonzales*, 485 F.3d 564, 566 (10th Cir. 2007). The INA defines an "order of removal" as the order "'concluding that the alien is [removable] or ordering [removal].'" *Hamilton*, 485 F.3d at 565 (quoting 8 U.S.C. § 1101(a)(47)(A)).[1] Had the BIA not remanded for the IJ to make the ministerial review of whether petitioners had been advised of their obligation to post a voluntary-departure bond, its May 4, 2011, order would undoubtedly have been a final order of removal. *See Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140, 1144 (10th Cir. 2007) ("An order of [removal] becomes 'final' when (1) the BIA affirms the order on appeal, or (2) the period for seeking BIA review has expired." (citing 8 U.S.C. § 1101(a)(47)(B)); *see also* 8 C.F.R. § 1241.1 ("An order of removal made by the [IJ] . . . shall become final . . . [inter alia,] [u]pon dismissal of an appeal by the [BIA]. . . .").

---

[1]    As we have previously explained, "[t]he terms removable and deportable are synonymous." *Hamilton*, 485 F.3d at 565 n.2.

- 4 -

But the parties argue the BIA's May 2011 order was not a final order of removal because petitioners were not actually removable pending the IJ's decision regarding voluntary departure. We disagree. "The fact that the availability of voluntary departure may be up in the air has no effect at all on the removability of the alien—it affects only the manner of her exit." *Almutairi v. Holder*, 722 F.3d 996, 1001 (7th Cir. 2013); *see also Foti v. INS*, 375 U.S. 217, 220 n.1 (1963) ("The granting of voluntary departure relief does not result in the alien's not being subject to an outstanding final order of deportation.").

Here, neither the IJ's voluntary departure advisals, nor any IJ order on remand relating to voluntary departure, could alter the BIA's decision upholding the IJ's finding of removability and denial of petitioners' requests for asylum, withholding of removal, and CAT relief. *See Foti*, 375 U.S. at 220 n.1. Thus, the BIA's May 2011 order concluding the petitioners were removable was the final order of removability under § 1101(a)(47), that is subject to judicial review under § 1252.

This conclusion is consistent with the decisions of our sister circuits, which have uniformly held that a BIA order denying relief from removal but remanding for proceedings having no potential for future relief from removal, such as consideration of voluntary departure, is a final order of removal under § 1101(a)(47)(A) and (B). *See Almutairi*, 722 F.3d at 1001 (aligning with its "sister circuits[, which] have all found that an order from the BIA resolving everything except an issue relating to voluntary departure satisfies the finality rules of the INA"); *Li v. Holder*, 666 F.3d

- 5 -

147, 151 (4th Cir. 2011) (reaffirming its existing precedent and holding, as to a remand for voluntary departure advisals, that "a final order of removal . . . is an appealable order, even if the details of a voluntary departure remain to be worked out"); *Giraldo v. Holder*, 654 F.3d 609, 612-15 (6th Cir. 2011) (holding BIA order that vacated the IJ's grant of withholding of removal was a final order of removal, notwithstanding remand to IJ to consider voluntary departure relief, "because all of the orders that would foreclose removal . . . have been presented to the BIA, and all that is remaining is the discretionary issue of voluntary departure" (original alteration omitted) (internal quotation marks omitted)); *Pinto v. Holder*, 648 F.3d 976, 980 (9th Cir. 2011) (reaffirming prior holdings that BIA order denying relief from removal but remanding to IJ for voluntary departure proceedings is final order of removal); *Alibasic v. Mukasey*, 547 F.3d 78, 83-84 (2d Cir. 2008) (joining other circuits in holding that "a BIA order denying relief from removal and remanding for the sole purpose of considering voluntary departure is a final order of removal that this Court has jurisdiction to review"); *Del Pilar v. U.S. Att'y Gen.*, 326 F.3d 1154, 1156-57 (11th Cir. 2003) (per curiam) (ruling the BIA's remand for limited purpose of permitting petitioner to designate country of removal constituted final order of removal because "there is nothing remaining for [the petitioner] to appeal").[2]

---

[2]     In cases where the alien filed a timely petition for review from the BIA's final order of removal while the voluntary departure issues were still pending, some circuits have declined to exercise jurisdiction over the BIA order for prudential reasons pending the IJ's decision on remand. *See Li*, 666 F.3d at 153-54; *Giraldo*,

(continued)

- 6 -

Because the petition for review was filed more than 30 days after the May 2011 final order of removal, we lack jurisdiction over this petition. *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (per curiam) ("The filing of a timely petition for review is mandatory and jurisdictional and is not subject to equitable tolling." (internal quotation marks omitted)).

Accordingly, we dismiss the petition for review.

---

654 F.3d at 616-18. Others have chosen to exercise their jurisdiction immediately. *Pinto*, 648 F.3d at 985. But here, we lack jurisdiction over the untimely petition for review, and accordingly express no opinion on that issue.