RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0032p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

YASSER HIH,

*Petitioner,*

*v.*

No. 15-3475

LORETTA E. LYNCH, U.S. Attorney General,

*Respondent.*

_____

On Petition for Review of a Final Order of
the Board of Immigration Appeals
No. A095 599 451.

Argued:  January 15, 2016

Decided and Filed:  February 9, 2016

Before:      CLAY and ROGERS, Circuit Judges; THAPAR, District Judge.[*]

_____

### COUNSEL

**ARGUED:**  E. Dennis Muchnicki, Columbus, Ohio, for Petitioner.  Matt Crapo, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  E. Dennis Muchnicki, Columbus, Ohio, for Petitioner.   Matt Crapo, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

---

**OPINION**

---

ROGERS, Circuit Judge.  The Board of Immigration Appeals affirmed the Immigration Judge's asylum denial in this case, but remanded for specific voluntary departure advisals. Although such a decision was final under our holding in *Giraldo v. Holder*, 654 F.3d 609 (6th Cir. 2011), Hih did not petition for review within 30 days, but instead went back to the Immigration Judge, waived voluntary departure, appealed to the Board again, and now petitions for judicial review of the Board's original decision.  The Board treated his appeal as a reconsideration request and denied it.  Hih's present challenge is to the substantive Board decision that he did not appeal earlier.  Because of lateness, we lack jurisdiction to address that challenge.  Our decision in *Giraldo* to dismiss "without prejudice" a petition that *was* timely brought in that case does not excuse Hih from timely filing such a petition to review the Board decision.

Yasser Hih is a citizen of Israel and the occupied territories, a Palestinian who has lived in the West Bank.  He overstayed a nonimmigrant visa in the United States and was subjected to removal proceedings.  He challenged his removal by seeking asylum, withholding of removal, and relief under the Convention Against Torture.  At the hearing before an Immigration Judge (IJ), Hih presented testimony that he had worked as an anti-terrorist agent with the Palestinian Authority, and that this subjected him to the threat of persecution from Hamas.  The IJ found Hih not to be credible, relying in part on discrepancies between Hih's original asylum application from 2002 and his updated asylum application from 2009.  The IJ also found Hih's testimony to be vague and inconsistent in several respects, and in addition questioned the validity of certain certificates that Hih produced.  The IJ accordingly denied Hih's request for asylum and related relief, but granted Hih's request for voluntary departure.

Hih appealed the IJ's removal order, and the Board of Immigration Appeals (BIA) affirmed on January 18, 2013.  The BIA determined that the IJ "did not commit clear error in his adverse credibility finding."  The BIA noted the inconsistencies in Hih's asylum applications

about his employment with the Palestinian Authority and stated that these inconsistencies went to the heart of the claim. The BIA thus upheld the adverse credibility determination and found no reversible error in the IJ's decision to deny the applications for asylum and related relief.

However, the BIA found the IJ's advisals regarding voluntary departure to be deficient and remanded the case to the IJ to provide the appropriate advisals. The BIA stated that the record contained no timely proof that Hih paid the voluntary departure bond. The BIA found that the IJ had not advised Hih of the obligation to submit such proof and the penalties that arise when such proof is not submitted. Instead of reversing the IJ's grant of voluntary departure for want of such proof, the BIA dismissed Hih's appeal of the IJ's removal order and remanded the record "to allow the [IJ] the opportunity to provide [Hih] with the proper voluntary departure advisals."

On remand at a March 13, 2013 hearing, Hih attempted to supplement the record by offering additional evidence, but the IJ did not admit the evidence as exhibits. Hih also withdrew his request for voluntary departure. The IJ therefore ordered Hih removed from the United States. The IJ was unsure whether Hih could appeal this order to the BIA, and the IJ explicitly stated that he could not tell Hih that he had a right to appeal the order. Hih appealed the March 13, 2013 order to the BIA on April 4, 2013.

The BIA issued an order on April 3, 2015 that treated Hih's appeal as a motion to reconsider the BIA's previous decision and denied the motion to reconsider. The BIA stated:

> [Hih] classifies his current filing before the Board as an appeal. However, [Hih] has not identified any error in the [IJ]'s latest decision ordering his removal to Israel and the occupied territories. Rather, [Hih] argues in his current appeal brief that the Board erred in its January 18, 2013, decision by failing to address the corroborating evidence provided by [Hih] at his 2010 merits hearing in support of his asylum claim. . . . In light of the issues raised by [Hih] in his appeal brief, we find it appropriate to construe the current filing before the Board as a motion to reconsider.

The BIA stated that under 8 C.F.R. § 1003.2(b)(2), such a motion must be filed "within 30 days of the date of entry of a final administrative order of removal," and that there were no exceptions to this requirement. The BIA found that its final administrative order was issued on January 18,

2013, and that Hih filed his motion to reconsider on April 8, 2013. Thus, the BIA denied Hih's motion to reconsider because the motion fell outside of the 30-day window provided by § 1003.2(b)(2).

Hih petitions this court for review. In his petition, he argues that the BIA failed to review adequately the corroborating evidence contained in the record. Hih further argues that he has met his burden of proof with regard to his asylum application. Because Hih's arguments concern only the January 18, 2013 BIA decision, because that decision was "final" for the purposes of review, and because Hih was required to file his appeal within 30 days of the BIA's final order, this court lacks jurisdiction to review the decision. To the extent Hih challenges the BIA's April 2015 decision *to deny reconsideration*, he waived any challenges by failing to raise them in his opening brief.

This court lacks jurisdiction to review the BIA's 2013 order. The BIA affirmed the IJ's denial of Hih's application for asylum and related relief on January 18, 2013. Accordingly, Hih was subject to a removal order on that date. The only element of the case that the BIA remanded to the IJ concerned voluntary departure. Thus, the BIA's January 18, 2013 order was "final" for the purposes of 8 U.S.C. § 1252(b)(1), and Hih had 30 days to file a petition for review of that decision with this court. *Giraldo v. Holder*, 654 F.3d 609 (6th Cir. 2011), supports this conclusion. In *Giraldo*, the BIA had reversed the IJ's grant of withholding of removal. *Id.* at 610. The BIA had remanded the record, however, "for the sole purpose of allowing [Petitioners] to apply for voluntary departure." *Id.* (alteration in original) (internal quotation marks omitted). Although the BIA had remanded the record for a voluntary departure hearing, the removal order was "final" for the purposes of appellate review. *Id.* at 614. The court stated that "because the IJ's decision regarding voluntary departure is not subject to judicial review, the BIA's order reversing the IJ's grant of withholding of removal is, in effect, a 'final order.'" *Id. Giraldo* was in the context of § 1252. *Id.* at 612. Furthermore, § 1252's statutory deadline is "both mandatory and jurisdictional." *Prekaj v. I.N.S.*, 384 F.3d 265, 267 (6th Cir. 2004). Because Hih filed his petition for review in 2015, which was well outside of the 30-day window of the jurisdictional statute, this court lacks jurisdiction to review the BIA's 2013 decision.

Our conclusion is consistent with that of a recent, analogous Tenth Circuit case. In *Batubara v. Holder*, 733 F.3d 1040 (10th Cir. 2013), the IJ had denied the petitioners' applications for asylum and related relief. *Id.* at 1041. On appeal, the BIA had upheld the IJ's denial of asylum and related relief, and dismissed the appeal. *Id.* The subsequent facts of *Batubara* are nearly identical to the present case:

> The BIA then noted the record did not show if petitioners had timely posted the voluntary-departure bond, or if the IJ had advised petitioners they were required to submit proof of having posted this bond, as required by 8 C.F.R. § 1240.26(c)(3). Thus, the BIA remanded for the IJ to provide all advisals that were required when he granted voluntary departure. . . . On remand, petitioners withdrew their requests for voluntary departure.

*Id.* Only after the petitioners withdrew their requests for voluntary departure did they file their petition for review of the BIA's year-old decision. *Id.* The Tenth Circuit held that the year-old BIA decision, which affirmed the IJ's denial of asylum and related relief but also remanded the record for voluntary-departure advisals, was "final" for the purposes of the time limitation in 8 U.S.C. § 1252(b)(1). *Id.* at 1042. Because the petitioners failed to file their petition within the 30-day window of the earlier BIA ruling, the Tenth Circuit held that it "lack[ed] jurisdiction over th[e] petition." *Id.* at 1043. *Batubara* is materially identical to the present case.

Hih argues that *Giraldo* actually compels a result in his favor, but that argument is without merit. *Giraldo* held that the BIA removal denial in that case was final notwithstanding a remand to permit an application for voluntary departure, where the IJ had not yet granted voluntary departure. "Having concluded that we have jurisdiction," the *Giraldo* court "nonetheless decline[d] to exercise that jurisdiction for prudential reasons." 654 F.3d at 616. The *Giraldo* court accordingly dismissed the timely petition "without prejudice," after noting that if the petitioners are granted voluntary departure on remand, they can "file a petition for judicial review of their application for withholding of removal." *Id.* at 618. The idea is that, in dismissing the timely petition for review "without prejudice," the court must have contemplated a later petition for review, and that such a later petition obviously could not be filed within 30 days of the original BIA decision, a date already long passed. The difficulty with this argument is that the *Giraldo* court had jurisdiction in the first place by virtue of the original timely petition for review, whereas in this case there has never been such jurisdiction.

The *Giraldo* court was concerned that by exercising jurisdiction before the IJ determined the petitioner's eligibility for voluntary departure, the court would be permitting the petitioner to circumvent a new regulation which sought to limit the ability of petitioners to seek both voluntary departure and judicial review, rather than choose between the two. *Id.* In dismissing without prejudice for prudential reasons, the *Giraldo* court followed the same course as the First Circuit in *Hakim v. Holder*, 611 F.3d 73, 79 (1st Cir. 2010), on indistinguishable facts. Our decision to this effect has since been the subject of some criticism. As the Seventh Circuit reasoned:

> We are less comfortable, however, with the notion that a court ought to dismiss a properly filed petition without prejudice and invite a later filing after the voluntary departure terms are sorted out. . . . In our view, the proper approach is for the alien to file her petition for review within 30 days of a Board order resolving everything except voluntary departure, and then for this court to retain jurisdiction but to stay proceedings on the petition until voluntary departure has been resolved one way or the other.

*Almutairi v. Holder*, 722 F.3d 996, 1002 (7th Cir. 2013). While this may, in retrospect, have been a preferable way for the *Giraldo* court to rule, we are bound by *Giraldo*'s published holding that the court had the power to dismiss without prejudice a timely filed petition from a final removal order that includes a remand for voluntary departure purposes. In other words, the holding of *Giraldo* would preclude us from refusing to dismiss without prejudice in such a case on the grounds that we lack the power to do so.[1] But nothing in Giraldo *requires* a dismissal without prejudice for prudential reasons; some discretion is inherent in the very idea of prudence. Different circumstances might militate against such a course of proceeding. For instance, in Hih's case, the IJ *had* granted voluntary departure and the remand was for the purpose only of giving the proper advisals. In the *Giraldo* and *Hakim* cases, in contrast, the IJ had not yet granted voluntary departure, and the courts relied on this fact. *See Giraldo*, 654 F.3d at 618; *Hakim*, 611 F.3d at 79.

---

[1]In any future case relying on *Giraldo* to dismiss without prejudice a timely petition to review a final order of removal, it would be useful for the court to indicate with precision the appropriate procedure and applicable time limits for returning to the court of appeals.

To hold that there is jurisdiction in the instant case, moreover, would go a step even further than requiring a dismissal without prejudice. We would have to create a fiction that a timely petition had been filed and that the court dismissed without prejudice, when nothing of the sort occurred. This takes a holding that the court has some discretionary power to permit a late petition, beyond a holding that the court is required to use the power to permit such a late petition, to a holding that such a late petition is permitted even when the court did not ever previously have the case properly before it. This is too far to stretch the already questionable holding in *Giraldo*. In all of these cited cases the petitioner sought review of the original final order of removal within 30 days; in the present case the petitioner did not. That deprives us of jurisdiction to review the BIA's 2013 order.

Although the court has jurisdiction to review a challenge to the BIA's 2015 order, construed as a denial of a motion for reconsideration, Hih has abandoned any such a challenge. In his opening brief, Hih makes two main arguments: (1) the BIA failed to consider corroborating evidence, and (2) the corroborating evidence satisfies Hih's burden of proof for asylum. These arguments pertain to the removal issues, which were last decided by the BIA in its January 18, 2013 order. Neither of these arguments applies to the operative determination in the BIA's 2015 decision that the appeal was untimely because a reconsideration motion must be filed within 30 days. An appellant abandons issues not raised and argued in his initial brief on appeal. *See United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006). Because Hih failed to challenge that aspect of the BIA's 2015 decision in his opening brief, he has abandoned any such challenge.

The petition for review is accordingly dismissed.