NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0109n.06

No. 18-3585

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

BRENDA YADIRA CAZARES-HERNANDEZ,    )
                                                       )

       Petitioner,    )

v.    )

WILLIAM P. BARR, Attorney General,    )

       Respondent.    )
                                                          )

**FILED**

Mar 08, 2019
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

Before: NORRIS, DAUGHTREY, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Brenda Cazares-Hernandez arrived at the United States from Mexico and sought admission. When the Department of Homeland Security began removal proceedings against her, Cazares-Hernandez conceded removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture. An immigration judge (IJ) denied Cazares-Hernandez relief and ordered her removed from the country. The Board of Immigration Appeals (BIA) affirmed. For the reasons stated, we DENY Cazares-Hernandez's petition for review.

I.

In 2015, Cazares-Hernandez, a native and citizen of Mexico, arrived at a port of entry to the United States and applied for admission, claiming a fear of returning to Mexico.[1] That day,

---

[1] Cazares-Hernandez's daughter, Yatziry, came with her to the United States. Yatziry's case is proceeding separately from Cazares-Hernandez's.

the Department of Homeland Security served Cazares-Hernandez with a Notice to Appear, claiming that she was an immigrant not in possession of a valid visa or entry document.

While conceding removability, Cazares-Hernandez filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. In support of her application, Cazares-Hernandez testified that her brother had been kidnapped by a gang in 2014 (and presumably murdered, since he has not been seen since the kidnapping) and that a gang member threatened to do the same to her if she did not leave the country. Cazares-Hernandez also testified that she feared that her former boyfriend, Jose, who is currently in jail in Mexico, would harm her if she returned. According to Cazares-Hernandez, Jose was violent with her four times in the past and had recently told her by text message that he was furious that she took their daughter to the United States. Based on these events, she claimed past persecution or a well-founded fear of future persecution due to her purported membership in two social groups—family members of victims of cartel violence who have likewise been threatened, and Mexican women who have suffered domestic violence and who are unable to leave the relationship.

The IJ denied Cazares-Hernandez's claims for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered her removed from the country. Cazares-Hernandez appealed to the BIA, but the BIA dismissed her appeal. The BIA found various flaws in Cazares-Hernandez's asylum and withholding claims, including that the threat from the gang was not "harm rising to the level of persecution," and that she had not shown that she was unable to leave the relationship with her ex-boyfriend. The BIA also found that Cazares-Hernandez abandoned her claim under the Convention Against Torture by not meaningfully challenging the IJ's decision. Cazares-Hernandez petitioned for review of the BIA's decision in this court.

II.

Cazares-Hernandez's presentation of the issues, both before the BIA and this court, narrows our review of her case. First, we may not consider her claim for protection under the Convention Against Torture because she did not adequately present the issue to the BIA. *See Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004) ("[O]nly claims properly presented to the BIA and considered on their merits can be reviewed by this court in an immigration appeal."). Second, Cazares-Hernandez has not shown that she is entitled to asylum or withholding based on her membership in the purported social group of Mexican women who have suffered domestic violence and are unable to leave the relationship because she fails to address a key aspect of the rulings below—that even if she had established a cognizable social group, she was not a member of that group. The IJ found (and the BIA affirmed) that Cazares-Hernandez failed to show that she is unable to leave her relationship with Jose. As the IJ explained, "[Cazares-Hernandez] did leave the relationship in 2012, and never returned. In fact, her abuser sits in prison in Guadalajara, Mexico." Cazares-Hernandez's silence on appeal as to this determination leaves us with no choice but to affirm the BIA in this respect. *See Hih v. Lynch*, 812 F.3d 551, 556 (6th Cir. 2016) ("An appellant abandons issues not raised and argued in his initial brief on appeal.").

This leaves only Cazares-Hernandez's claim that she suffered persecution or has a well-founded fear of persecution based on the threat made to her by a gang member. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b). Cazares-Hernandez testified that, after the kidnapping of her brother, "I was sitting outside with my daughter, when a young man came up, and he said that if I didn't leave, the same thing could happen—the same thing could happen to me that had happened to my brother." She received no other threats.

To reverse the BIA's conclusion that this threat did not amount to past persecution or support a finding of a well-founded fear of future persecution, "we must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Kaba v. Mukasey*, 546 F.3d 741, 747 (6th Cir. 2008) (alteration in original) (citation omitted). Such is the effect of the substantial evidence standard of review.

Generally, "[p]ersecution requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) (quotation marks and citation omitted). Although threats alone can sometimes amount to persecution, the cases recognizing as much "emphasize that they will do so only in exceptional cases." *Japarkulova v. Holder*, 615 F.3d 696, 701 (6th Cir. 2010). "Only threats of a most immediate and menacing nature can possibly qualify as past persecution." *Id.* (quotation marks and citation omitted). Cazares-Hernandez does not explain how the single threat made to her qualifies as an exceptional circumstance. We, therefore, cannot say that the single threat, even when accompanied with the psychological harm associated with the kidnapping of her brother, *compels* the conclusion that Cazares-Hernandez suffered past persecution or would face persecution on return to Mexico.

But even if the evidence compelled such a result, Cazares-Hernandez still would not prevail, as she failed to show that the Mexican government was unwilling or unable to protect her. This is a necessary showing where, as here, her claim is premised on the actions of private actors rather than the government. *See Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009). Both the IJ and the BIA determined that Cazares-Hernandez failed to meet her burden of presenting such evidence. Cazares-Hernandez's only response before this court is that she "submitted a news article . . . [that] proves that the government authorities have been unable to control the cartels."

But that article does not satisfy Cazares-Hernandez's burden. The article notes the government's ongoing attempts to fight cartel violence and states that, in response to the arrival of a new cartel in Cazares-Hernandez's hometown, the government mobilized "state and federal police officers, as well as elements of the Mexican Army," and opened a preliminary investigation into the matter.

Substantial evidence, therefore, supports the conclusion that Cazares-Hernandez is not entitled to asylum or withholding of removal. Her evidence does not compel a contrary conclusion. Accordingly, we must DENY Cazares-Hernandez's petition for review.