NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0428n.06

No. 25-3194

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 18, 2025
KELLY L. STEPHENS, Clerk

AXEL PEREZ-PEREZ,

 Petitioner,

v.

PAMELA BONDI, Attorney General,

 Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

OPINION

---

Before: SUTTON, Chief Judge; BATCHELDER and LARSEN, Circuit Judges.

LARSEN, Circuit Judge.   Axel Perez-Perez entered the United States without valid immigration documents.  An immigration judge (IJ) denied his claims for withholding of removal and protection under the Convention Against Torture (CAT) and ordered Perez-Perez removed from the country.  The Board of Immigration Appeals (BIA) affirmed.  Perez-Perez now petitions for review.  We DENY his petition.

I.

Axel Perez-Perez, a native and citizen of Guatemala, entered the United States illegally in 2016.  The Department of Homeland Security served Perez-Perez with a Notice to Appear charging him with being removable as an alien present in the United States without valid immigration documents.  Perez-Perez conceded removability but applied for relief in the form of withholding of removal and CAT protection.  Perez-Perez testified in support of his applications for relief, claiming that he feared returning to Guatemala because he would be harmed by members of a criminal gang.  The IJ denied Perez-Perez's applications for relief and ordered him removed to

Guatemala. Perez-Perez appealed to the BIA. The BIA dismissed his appeal, concluding that Perez-Perez had waived review of his CAT-protection claim and had failed to establish that the IJ erred by denying him withholding of removal. Perez-Perez now petitions for review, challenging only the agency's decision to deny him withholding of removal.

## II.

We review the BIA's decision as the final agency determination, except that we review the IJ's reasoning "[t]o the extent the BIA adopted" it. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). The IJ gave two reasons for concluding that Perez-Perez had failed to establish entitlement to withholding of removal: (1) Perez-Perez was not credible, and (2) Perez-Perez failed to establish a nexus between his feared harm and his membership in a particular social group.

Before the BIA, Perez-Perez challenged only the adverse credibility determination. He didn't challenge the IJ's nexus determination. The BIA noted the failure, concluding that although Perez-Perez had broadly referenced nexus in his Notice of Appeal, he failed to "specifically address[] [the] matter[] in his appellate brief," so the issue was "waived." AR 4.

Perez-Perez's failure to challenge the IJ's nexus determination before the BIA is fatal to his petition. Congress has limited our authority to review immigration appeals. *See* 8 U.S.C. § 1252(d). We may review a final order of removal only if "the alien has exhausted all administrative remedies." *Id.* § 1252(d)(1); *see also Mazariegos-Rodas v. Garland*, 122 F.4th 655, 664 (6th Cir. 2024). To exhaust administrative remedies, the petitioner "must present the specific issue that [he] seek[s] to raise in court" to the BIA. *Singh v. Rosen*, 984 F.3d 1142, 1155 (6th Cir. 2021). When, as here, the government has raised the alien's failure to comply with the exhaustion requirement, we must enforce it. *Mazariegos-Rodas*, 122 F.4th at 664. The BIA correctly concluded that Perez-Perez failed to challenge the nexus determination, so our review of that issue

is foreclosed. Because the IJ's nexus determination was an independent, dispositive reason to deny Perez-Perez's application for withholding of removal, his petition for review fails. *See Hih v. Lynch*, 812 F.3d 551, 556 (6th Cir. 2016).

Perez-Perez counters that he raised the nexus issue in his Notice of Appeal. But raising an issue in a Notice of Appeal is insufficient to preserve it for appeal when the petitioner files a brief before the BIA. In that circumstance, "the issue must be reasonably developed in the petitioner's brief to the BIA." *Khalili*, 557 F.3d at 433; *see also Cuevas-Nuno v. Barr*, 969 F.3d 331, 334 (6th Cir. 2020) ("We look to the alien's brief before the BIA to determine which claims the alien adequately raised before that body."). Perez-Perez failed to do so. As a result, Perez-Perez has failed to exhaust his challenges to the IJ's nexus determination.

* * *

We DENY the petition for review.