**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2446
_____

JOSE RODAS-LEON,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-523-887)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2012

Before:  FUENTES, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 12, 2012)
_____

OPINION
_____

PER CURIAM

Jose Rodas-Leon petitions for review of the Board of Immigration Appeals'

("BIA") May 6, 2011 order.  For the reasons that follow, we will dismiss the petition for

review.

I

Rodas-Leon is a citizen of Ecuador. He was placed in removal proceedings in 2005. Rodas-Leon conceded removability on the basis of being present without inspection, but sought relief in the form of cancellation of removal and voluntary departure. The IJ granted his request for cancellation, but did not adjudicate the voluntary departure request, and the Department of Homeland Security appealed. On appeal, the BIA reversed the IJ's grant of cancellation of removal, reasoning that Rodas-Leon had failed to demonstrate his eligibility for that relief. Specifically, the BIA reasoned that Rodas-Leon failed to show that two of his prior convictions were not crimes of moral turpitude and that, in the alternative, Rodas-Leon had not shown that his four children, who are United States citizens, would suffer exceptional and extremely unusual hardship if he is removed. Accordingly, the BIA sustained the appeal and remanded the matter to the IJ "for the sole purpose of considering [Rodas-Leon's] eligibility for voluntary departure or in the alternative, to enter a final order of removal." Rodas-Leon now petitions for review of that decision.[1]

II

At the outset, we must address whether, in light of the BIA's order remanding Rodas-Leon's case to the IJ, there exists a basis for this Court to exercise jurisdiction

---

[1] It is unclear from the record whether, on remand, the IJ granted Rodas-Leon's request for voluntary departure.

over the petition for review.[2]  Our jurisdiction in immigration proceedings is limited to the review of final orders of removal.  See 8 U.S.C. § 1252(a); Mulanga v. Ashcroft, 349 F.3d 123, 131 (3d Cir. 2003).  Given that the BIA overturned the IJ's grant of cancellation of removal, but remanded the matter for consideration of Rodas-Leon's application for voluntary departure, the question arises whether the BIA's order is "final" within the meaning of § 1252(a).  We conclude that it is.

An "order is final for jurisdictional purposes when a removability determination has been made that is no longer appealable to the BIA, regardless whether a formal order of removal has been entered . . . ."  Yusupov v. Att'y Gen., 518 F.3d 185, 195 (3d Cir. 2008); accord Castrejon-Garcia v. INS, 60 F.3d 1359, 1361-62 (9th Cir. 1995) (holding that a BIA order reversing an IJ's decision to grant suspension of removal and remanding "for a determination of voluntary departure in lieu of deportation" was a final order of removal, as nothing was pending before the BIA and "the petitioner had no reason or basis for appealing the [IJ's] decision in his favor").  As in Castrejon-Garcia, no aspect of the removability determination remains pending before or appealable to the BIA.  Accordingly, we conclude that the BIA's order is appealable for purposes of § 1252(a).[3]

_____

[2]  In an order entered July 18, 2011, we directed the parties to address in their briefs whether the BIA's May 6, 2011 order constitutes a final order of removal over which we may exercise jurisdiction.  Inexplicably, neither Rodas-Leon, who is represented by counsel, nor counsel for the Respondent saw fit to address that specific question in their briefs.

[3]  In similar circumstances, other courts of appeals have reached the same conclusion, but have declined to exercise jurisdiction for prudential reasons in light of 8 C.F.R.

3

However, we must dismiss the petition for review for another reason. If the BIA provides two alternative grounds for denying relief, and we lack jurisdiction to review one, then we lack jurisdiction over the whole case. See Joseph v. Holder, 579 F.3d 827, 830 (7th Cir. 2009) (citing Ekasinta v. Gonzales, 415 F.3d 1188, 1191 (10th Cir. 2005)). Here, the BIA concluded (1) that Rodas-Leon failed to demonstrate that his prior convictions were not for crimes of moral turpitude, a legal question over which we have jurisdiction, see Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007), and (2) that, even if Rodas-Leon's convictions were not for crimes involving moral turpitude, he had not demonstrated that his removal would result in an exceptional and extremely unusual hardship to his United States citizen children -- a discretionary determination that we lack jurisdiction to review unless Rodas-Leon raises a colorable legal or constitutional claim

---

§ 1240.26, which governs voluntary departure. See Qingyun Li v. Holder, 666 F.3d 147, 149-53 (4th Cir. 2011); Giraldo v. Holder, 654 F.3d 609, 616-18 (6th Cir. 2011); see also Hakim v. Holder, 611 F.3d 73, 78-79 & n.4 (1st Cir. 2010) (assuming the existence of a final order of removal arguendo, and citing five other cases for the proposition that jurisdiction existed, but declining to exercise jurisdiction). Section 1240.26(i) automatically terminates a grant of voluntary departure if an alien files a petition for review. The Li, Giraldo, and Hakim Courts noted that § 1240.26 contemplates a chronological order -- i.e., that the grant of voluntary departure *precedes* the filing of a petition for review-- and agreed that exercising jurisdiction over a petition for review in a case where a voluntary departure determination had not yet been made would permit an alien "to circumvent the regulation by allowing him to seek both voluntary departure and judicial review, thus hindering judicial economy and denying the government the benefit of 'a prompt and costless departure.'" Hakim, 611 F.3d at 79 (quoting Dada v. Mukasey, 554 U.S. 1, 20 (2009)). We need not consider whether prudential concerns warrant a refusal to exercise jurisdiction in this case, however, because even assuming it would be appropriate to exercise jurisdiction under § 1252(a), another provision requires us to dismiss the petition for review.

4

that the BIA erred in making that determination. See 8 U.S.C. § 1229b(b)(1)(C), (D); 8 U.S.C. § 1252(a)(2)(B), (D); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003).

In his petition for review, Rodas-Leon argues that the BIA failed to evaluate in the aggregate the factors indicating a hardship to his children, as required by BIA precedent, see Matter of Gonzalez Recinas, 23 I. & N. Dec. 467, 472 (BIA 2002), and that the BIA applied the wrong legal standard, as evidenced by its failure to cite Recinas in its opinion. We disagree. The BIA cited both Matter of Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2001), and Matter of Andazola-Rivas, 23 I. & N. Dec. 319 (BIA 2002), which, like Recinas, set forth the considerations the BIA must make when evaluating a claim of exceptional and extremely unusual hardship, and which both expressly consider such factors in the aggregate. See Andazola, 23 I. & N. Dec. at 324 ("[E]ven considering the potential hardship caused by the respondent's status as an unmarried mother, together with the other hardships described above . . ."); Monreal, 23 I. &. N. Dec. at 65 ("Even considering all of the factors presented cumulatively . . ."). At base, then, Rodas-Leon's argument amounts to a challenge to the BIA's discretionary determination. See Patel v. Att'y Gen., 619 F.3d 230, 233 (3d Cir. 2010) ("Although Patel claims to be challenging the IJ's misapplication of a legal standard, she is actually asserting that she met her burden of showing an exceptional hardship. We do not have jurisdiction to review this claim because it challenges a discretionary determination and does not present a constitutional question or a question of law."). Because Rodas-Leon has advanced no

5

colorable legal arguments challenging the BIA's analysis, its determination that Rodas-Leon did not demonstrate exceptional and extremely unusual hardship must be left undisturbed, as it is beyond our jurisdiction. See id.

In sum, because we lack jurisdiction to review the BIA's discretionary determination that Rodas-Leon failed to demonstrate an exceptional and extremely unusual hardship to his children if he is removed, we cannot reach Rodas-Leon's challenge to the BIA's alternative holding that he did not show that his prior convictions were not for crimes of moral turpitude. See Joseph, 579 F.3d at 830. Accordingly, we will dismiss the petition for review.