**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4522
_____

JOSE RODAS-LEON,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Appeal from the Board of Immigration Appeals
(Agency No. A097-523-887)
Immigration Judge:  Hon. Annie S. Garcy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 9, 2015

Before:  CHAGARES, SHWARTZ, and RENDELL, <u>Circuit Judges</u>.

(Filed: December 30, 2015)
_____

OPINION[*]
_____

CHAGARES, <u>Circuit Judge</u>.

        Petitioner Jose Rodas-Leon seeks reversal of a decision by the Board of

Immigration Appeals ("BIA") finding him ineligible for cancellation of removal under

_____

        [*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

the Immigration and Nationality Act ("INA").  For the reasons that follow, the petition for review will be dismissed in part and denied in part.

## I.

Because we write exclusively for the parties, we set forth only those facts necessary to our disposition.  On September 29, 2005, the Department of Homeland Security ("DHS") issued Rodas-Leon a notice to appear before an Immigration Judge ("IJ"), alleging that Rodas-Leon was a citizen of Ecuador and not the United States and had arrived in the United States without being admitted or paroled, thereby subjecting him to removal under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).  In a separate notice issued April 3, 2006, DHS amended its charges to include an allegation that Rodas-Leon was removable under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), because he had been convicted of crimes involving moral turpitude — specifically, an April 2001 conviction for third-degree assault and a September 2005 conviction for third-degree assault, both in the Criminal Court of the City of New York.

In subsequent proceedings before the IJ, Rodas-Leon admitted that he had entered the United States unlawfully and that he had pled guilty to the assault charges.  He nonetheless sought cancellation of removal based on his claim that his four children, who are citizens of the United States, would suffer "exceptional and extremely unusual hardship" if he were removed.  DHS argued that Rodas-Leon's convictions for crimes of moral turpitude rendered him ineligible for cancellation of removal, pursuant to INA § 240A(b)(1)(C), 8 U.S.C. § 1229b(b)(1)(C).  The IJ rejected that argument in a November 8, 2006 ruling "because the evidence remain[ed] vague as to what subsection of the

2

assault provision [Rodas-Leon] violated" — referring, it would seem, to the different subsections for intentional, reckless, and negligent third-degree assault. Administrative Record ("A.R.") 986; N.Y. Penal Law § 120.00 (McKinney). On November 4, 2009, the IJ issued an oral ruling granting cancellation of removal under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1), finding that Rodas-Leon had demonstrated ten years of continuous presence in the United States, good moral character during that period, and that removal would result in exceptional and extremely unusual hardship to his children.

DHS appealed, and the BIA reversed the IJ's decision on May 6, 2011. The BIA found that Rodas-Leon's convictions were crimes involving moral turpitude because his criminal history indicated that the convictions were for intentional third-degree assault, and Rodas-Leon had not met his burden of proving otherwise. In the alternative, the BIA also found that Rodas-Leon's removal would not result in exceptional and extremely unusual hardship to his children. It remanded the case for the IJ to consider Rodas-Leon's eligibility for voluntary departure or else enter a final removal order.

Rodas-Leon petitioned this Court for review, and we dismissed his petition because we lacked jurisdiction to review the BIA's determination as to exceptional and extremely unusual hardship unless it applied the wrong legal standard, which was not the case. Rodas-Leon v. Att'y Gen., 475 F. App'x 430, 432-33 (3d Cir. 2012) (citing Patel v. Att'y Gen., 619 F.3d 230, 233 (3d Cir. 2010)). We therefore had no occasion to consider the BIA's ruling with regard to crimes involving moral turpitude because "[i]f the BIA provides two alternative grounds for denying relief, and we lack jurisdiction to review one, then we lack jurisdiction over the whole case." Rodas-Leon, 475 F. App'x at 432.

3

Upon remand to the IJ, Rodas-Leon withdrew his application for voluntary departure, and the IJ entered an order of removal on September 5, 2012. Rodas-Leon then appealed the IJ's removal order, and on June 10, 2014, the BIA dismissed the appeal, construing it as a motion to reconsider the BIA's previous decision. Without objection from DHS, the BIA reissued the decision on October 20, 2014, based on Rodas-Leon's non-receipt of the original decision. Rodas-Leon timely filed the instant petition for review.

II.[1]

This petition raises the same issues as Rodas-Leon's previous petition that we dismissed for lack of jurisdiction: namely, challenges to the BIA's May 6, 2011 decision that Rodas-Leon was ineligible for cancellation of removal because he was convicted of crimes involving moral turpitude and because he had failed to demonstrate exceptional and extremely unusual hardship resulting to his children. Rodas-Leon, 475 F. App'x at 431. A challenge to the May 6, 2011 decision would be duplicative and untimely at this point, and in any event, we would still lack jurisdiction over the subject matter of such a challenge for the reasons set forth in our previous ruling. See id. at 432-33; Patel, 619 F.3d at 233. Like Rodas-Leon's first petition for review, this petition must be dismissed to the extent that Rodas-Leon challenges the BIA's decision about cancellation of removal.

---

[1] The BIA exercised jurisdiction under 8 C.F.R. §§ 1003.1(b)(3), 1240.15. We exercise jurisdiction over final orders of removal under 8 U.S.C. § 1252, but our jurisdiction over this particular case is contested.

4

Therefore, our jurisdiction to review the BIA's October 20, 2014 decision extends only to the denial of reconsideration itself.[2]  See Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir. 2006); Ahmed v. Ashcroft, 388 F.3d 247, 250-51 (7th Cir. 2004).  We review "[t]he denial of a motion to reconsider . . . for abuse of discretion" and, therefore, "[w]e will disturb the BIA's denial of a motion . . . to reconsider only if it was arbitrary, irrational, or contrary to law."  Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (quotation marks omitted).  "The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected."  Liu v. Gonzales, 439 F.3d at 111; see also Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009) ("When the motion simply regurgitates contentions that were previously made and rejected, the movant has no legal basis to insist upon reconsideration.").

We will deny Rodas-Leon's petition to the extent that he challenges the BIA's denial of reconsideration itself.  The BIA denied reconsideration because Rodas-Leon's "appeal reiterate[d] arguments made in his brief submitted in opposition to the DHS's appeal of the [IJ]'s November 4, 2009, decision," which had already been "considered by the [BIA] in connection with his previous appeal," and Rodas-Leon did "not provide[ ] an adequate basis to conclude there was error in the [BIA]'s previous decision."  A.R. 41.

---

[2] Rodas-Leon's second BIA appeal was properly construed as a motion for reconsideration.  The September 5, 2012 removal order entered by the IJ, which Rodas-Leon identified as the subject of his second appeal, was merely the implementation of the BIA's prior May 6, 2011 decision and not a new basis for appeal.  In addition, Rodas-Leon's brief submitted to the BIA on March 6, 2013, although styled as a brief in support of an appeal of the IJ's order, does not actually assert a new basis for appeal; instead, it seeks reconsideration of the BIA's prior decision.  See, e.g., A.R. 47 ("[T]he Respondent has been unable to have a full and fair review of the Board's order of May 6, 2011. . . . The Respondent respectfully requests that the Board reconsider this decision . . . .").

5

This was not an abuse of discretion, as the BIA had already addressed the thrust of Rodas-Leon's arguments in its previous decision.

Furthermore, even if, for the sake of argument, the BIA had abused its discretion in denying reconsideration, we could only remand the case for the BIA's reconsideration and would be without jurisdiction to provide the relief that Rodas-Leon is actually requesting — that is, reversal of the BIA's discretionary determination as to his eligibility for cancellation of removal.

III.

For the foregoing reasons, the petition for review will be dismissed in part and denied in part.