NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1502
_____


KLEVER ARMANDO PILATAXI TENEMAZA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA No. A088-219-715)
Immigration Judge:  Annie S. Garcy
_____


Submitted under Third Circuit L.A.R. 34.1(a)
October 26, 2017

BEFORE:  GREENAWAY, JR., COWEN, Circuit Judges
and PADOVA, District Judge*

(Filed: November 30, 2017)
_____

OPINION**
_____


---

* The Honorable John R. Padova, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, <u>Circuit</u> <u>Judge</u>.

Klever Armando Pilataxi Tenemaza petitions for review of a decision by the Board of Immigration Appeals ("BIA"), which dismissed his appeal from an order of the Immigration Judge ("IJ") denying his motion for a continuance as well as his application for cancellation of removal. We will dismiss the petition in part and deny it in part.

I.

Pilataxi Tenemaza, a native and citizen of Ecuador, entered the United States without admission or inspection. Pilataxi Tenemaza (who was represented by counsel) conceded the charge of removability. He also filed an application for cancellation of removal, claiming that his United States citizen son would suffer exceptional and extremely unusual hardship should his father be removed to Ecuador. On March 2, 2012, the merits hearing was scheduled for March 3, 2014. The IJ told counsel to "make every effort to get the majority of the evidence filed, say, a year ahead of time and then if you need to supplement, no problem." (AR86.)

At the merits hearing, Pilataxi Tenemaza asked for an adjournment in order to obtain evidence. The IJ denied the motion in an interlocutory oral decision as well as her subsequent written disposition. The IJ also denied the underlying application for cancellation of removal.

The BIA dismissed Pilataxi Tenemaza's administrative appeal. It specifically agreed with the IJ that Pilataxi Tenemaza failed to demonstrate the good cause required for a continuance. <u>See, e.g.</u>, 8 C.F.R. §§ 1003.29, 1240.6. The BIA also affirmed the IJ's

2

finding that Pilataxi Tenemaza did not show that his removal would result in exceptional and extremely unusual hardship to his son.

Pilataxi Tenemaza submitted a "Petition for Review and Complaint for Injunctive Relief and Declaratory Relief" (JA3 (emphasis omitted)) as well as a motion for a stay of removal. The government moved to dismiss on jurisdictional grounds. This Court denied the stay motion and referred the dismissal motion to the merits panel.

## II.

We must dismiss the petition for review insofar as Pilataxi Tenemaza challenges the agency's disposition of his application for cancellation of removal. "We lack jurisdiction to review discretionary decisions made pursuant to 8 U.S.C. § 1229b, including 'exceptional and extremely unusual' hardship determinations." Patel v. Attorney General, 619 F.3d 230, 232 (3d Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(B)(i); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003)). While we retain jurisdiction over constitutional claims and questions of law, see, e.g., 8 U.S.C. § 1252(a)(2)(D); Patel, 619 F.3d at 232, Pilataxi Tenemaza does not articulate any legal or constitutional claims with respect to the application for cancellation of removal. Instead, he contends that the agency abused its discretion and incorrectly found that his son would not suffer exceptional and extremely unusual hardship. However, it is well established that arguments that an IJ or the BIA incorrectly weighed or failed to consider the

3

evidence do not present constitutional claims or legal questions.[1]  See, e.g., Jarbough v.

Attorney General, 483 F.3d 184, 189 (3d Cir. 2007).

We next turn to Pilataxi Tenemaza's challenge concerning the motion for

continuance.[2]  According to Pilataxi Tenemaza, the BIA abused its discretion and

infringed his due process rights by not allowing him a continuance to obtain evidence in

support of his cancellation application.  As the BIA recognized, "[t]o establish good

cause based upon a request for an opportunity to obtain and present additional evidence,

the respondent must make a reasonable showing that the lack of preparation occurred

despite a diligent good faith effort to be ready to proceed and that the additional evidence

is 'probative, noncumulative, and significantly favorable' to him."  (AR3 (quoting

Sibrun, 18 I. & N. Dec. 354, 356 (BIA 1983)).)  "Aliens are 'entitled to a full and fair

hearing of [their] claims and a reasonable opportunity to present evidence,'" but, in order

to prevail on a due process claim, the alien must establish substantial prejudice.  See, e.g.,

---

[1] Likewise, we must dismiss the putative "Complaint for Injunctive Relief and Declaratory Relief."

[2] Pilataxi Tenemaza indicates that the denial of his continuance motion constituted a discretionary decision that this Court generally lacks the jurisdiction to review.  He then goes on to proffer a constitutional due process challenge to this disposition.  However, we do have jurisdiction to review this ruling in this context.  See, e.g., Khan v. Attorney General, 448 F.3d 226, 229-33 (3d Cir. 2006) (concluding that 8 U.S.C. § 1252(a)(2)(B)(ii) does not deprive court of appeals of jurisdiction over decision on continuance motion).  The government states that we "arguably" lack jurisdiction, but (contrary to the government's characterization) this is not a case where the BIA "provides two alternative grounds for denying relief."  (Respondent's Brief at 17 n.1 (quoting Rodas-Leon v. Attorney General, 475 F. App'x 430, 432 (3d Cir. 2012) (per curiam)).)

The parties agree that we review the BIA's decision affirming the IJ's denial of the continuance motion for abuse of discretion.  See, e.g., Syblis v. Attorney General, 763 F.3d 348, 352 (3d Cir. 2014); Ponce-Leiva v. Ashcroft, 331 F.3d 369, 374-77 (3d Cir. 2003).

4

Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006) (quoting Chong v. Dist. Dir., INS, 264 F.3d 378, 386 (3d Cir. 2001)).  We conclude that the agency neither abused its discretion nor violated the Due Process Clause of the Fifth Amendment.

The BIA properly upheld the IJ's finding of a lack of due diligence.  Pilataxi Tenemaza "had more than 2 years to submit evidence in support of his application and was specifically instructed on March 2, 2012, to submit the majority of the evidence in support of his case 1 year in advance of his March 3, 2014, hearing."  (AR3 (citing AR65-AR66, AR86, AR89-AR90).)  Pilataxi Tenemaza contends that "he was unable to obtain documents from his house because he was under a restraining order 6 months prior to his March 3, 2014 hearing, from August until December 2012" and his wife would not cooperate.  (Petitioner's Brief at 9 (citing AR3, AR119).)   However, he did not ask for a continuance at that time, even though he was represented by counsel.  Instead, he waited months until the merits hearing itself to ask for more time.  Pilataxi Tenemaza acknowledges that "Petitioner could have requested the continuance ahead of time," and, in turn, he provides no real explanation for why unspecified "communication issues" with his attorney (which purportedly "may" have prevented him from knowing that a request could have been made in advance) indicated that he nevertheless exercised due diligence in this matter or established that he was thereby deprived a fair hearing or a reasonable opportunity to present evidence.  (Id. at 10 (citing AR96).)

In any event, the BIA went on to state that Pilataxi Tenemaza "has not articulated on appeal how the additional evidence he sought to present is 'probative, noncumulative, and significantly favorable' to him or how the denial of his request for a continuance

5

caused him actual prejudice and harm and materially affected the outcome of his case ([AR12-AR14]).ʺ (AR4 (citing Sibrun, 18 I. & N. Dec. at 356-57).) In fact, Pilataxi Tenemaza does not identify the actual evidence that he would have presented if his motion for a continuance had been granted. Accordingly, he cannot establish the evidence's probative value or prejudice.[3]

### III.

For the foregoing reasons, we will dismiss Pilataxi Tenemaza's petition for review insofar as we lack jurisdiction to review the agency's hardship determination. Otherwise, we will deny his petition for review.[4]

---

[3] Purportedly, it would have been "judicially prudent" to grant a short continuance because Pilataxi Tenemaza's wife appeared for his final hearing and they were again on speaking terms. (Petitioner's Brief at 10 ("At the very least, once testimony was taken, in order to afford Petitioner the benefit of the doubt, the IJ could have requested specific documents limited to the hardship Petitioner had testified to.").) However, the absence of so-called "judicial prudence" does not rise to the level of either an abuse of discretion or a constitutional violation.

[4] We accordingly grant the motion to dismiss with respect to the hardship determination (as well as the "Complaint for Injunctive Relief and Declaratory Relief"). Otherwise, we deny the motion.