FILED
United States Court of Appeals
Tenth Circuit

July 15, 2019

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

OLUWAFISAYO RACHAEL
OGUNBODE,

    Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

    Respondent.

No. 18-9532
(Petition for Review)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

An immigration judge (IJ) ordered petitioner Oluwafisayo Rachael Ogunbode

removed from the United States to Nigeria. The Board of Immigration Appeals

(BIA) dismissed her appeal from the IJ's decision and denied her motion for

reopening and reconsideration. She then filed this petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The petition is untimely to appeal from either the BIA's removal order or its denial of reopening and reconsideration. We therefore dismiss it for lack of jurisdiction.

## BACKGROUND

Ogunbode is a native and citizen of Nigeria who entered the United States in 2014 on a nonimmigrant visa. In 2017 the Department of Homeland Security issued her a Notice to Appear, charging that she had overstayed her visa—by approximately two years—without authorization to remain in the United States. She conceded the charge but applied for asylum, withholding of removal, and Convention Against Torture (CAT) relief. Her applications were based on her alleged fear of being subjected to harmful tribal widowhood practices by elders of her deceased husband's family if she returned to Nigeria. Specifically, Ogunbode alleged that her husband's family would insist that she sleep next to her husband's corpse for three days and drink the water used to bathe the corpse.

The IJ held a removal hearing and considered Ogunbode's applications for relief, her testimony, and the written documentation she submitted. The IJ concluded that Ogunbode's claim was not credible. In addition, the IJ determined that Ogunbode's asylum claim was untimely and she had failed to show changed or extraordinary circumstances sufficient to excuse the failure to apply for asylum within the one-year deadline. Finally, the IJ explained, that even if Ogunbode were deemed credible, she had failed to meet her burden to show entitlement to

2

withholding of removal or CAT relief.  Although the IJ denied the requested relief, she granted Ogunbode a 60-day period of voluntary departure.

Ogunbode appealed to the BIA.  On February 14, 2018, the BIA dismissed her appeal, agreeing with the IJ's reasoning and disposition of her case.  As part of its order the BIA reinstated the 60-day period of voluntary departure.  But the BIA warned Ogunbode that if she filed a motion to reopen or reconsider prior to the expiration of the voluntary departure period, the grant of voluntary departure would automatically terminate.

On February 26, 2018, Ogunbode filed her motion to reopen and reconsider the Board's decision.  On May 11, 2018, the BIA denied her motion.

On May 16, 2018, Ogunbode filed a "Notice of Appeal" in the United States District Court for the District of New Mexico.  The notice purported to appeal to this court from the BIA's final order of removal of February 14, 2018.  On May 23, 2018, the district court entered an order transferring the action to this court.  *See* 28 U.S.C. § 1631; *Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1162-63 (10th Cir. 2004) (stating § 1631 authorizes a transfer "to a court that would have had jurisdiction on the date when the action was filed").

## JURISDICTION

The filing of a timely petition for review is "mandatory and jurisdictional; it is not subject to equitable tolling."  *Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1271 (10th Cir. 2018).  We must determine whether Ogunbode filed a timely petition for

3

review from either the BIA's final order of removal dated February 14, 2018, or the BIA's order denying her motion to reopen dated May 11, 2018.

**BIA's Order of February 14, 2018**

As the district court correctly stated, Ogunbode should have filed a petition for review in this court because "a petition for review filed with an appropriate court of appeals" is generally the "sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Ogunbode's petition for review was due in this court within 30 days of the BIA's decision; that is, by March 16, 2018. *See id.* § 1252(b)(1). Using the date of her district court filing, her petition of May 16, 2018, was two months late.

**1. Reinstatement of Voluntary Departure**

In its transfer order, the district court raised the possibility that the BIA's reinstatement of voluntary departure in its February 14 order extended the time for filing a petition for review. The district court cited an Attorney General regulation defining finality of removal orders, which provides:

> If the respondent has filed a timely appeal with the Board, the [IJ's removal] order shall become final upon an order of removal by the Board or the Attorney General, *or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.*

8 C.F.R. § 1241.1(f) (emphasis added).

The district court reasoned that under § 1241.1(f), the BIA's removal order might not have become "final" until Ogunbode overstayed the BIA's reinstated

4

period of voluntary departure. If that theory were correct, the BIA's order would not have become final until Monday, April 16, 2018, after the 60-day reinstated voluntary departure period ended. Ogunbode filed her petition for review precisely 30 days later.

Ogunbode has likely waived any argument on this basis; her jurisdictional memorandum concedes that the February 14 and May 11 orders were final when entered. *See Havens v. Colo. Dep't of Corrs.*, 897 F.3d 1250, 1260-61 (10th Cir. 2018) (arguments in favor of subject-matter jurisdiction may be waived). But even if we were to entertain the district court's theory, it suffers from two significant problems. First, as the BIA warned her it would, when Ogunbode filed her motion for reopening and reconsideration on February 26, 2018, the voluntary departure period automatically terminated. *See* 8 C.F.R. § 1240.26(e)(1). No "open" possibility of voluntary departure remained to delay the finality of the BIA's removal order.

Second, even if the termination of voluntary departure did not impact the finality of the BIA's order, § 1241.1(f) appears to conflict with the statute defining final orders of removal, which states:

> (A) The term "order of deportation" means [an] order . . . concluding that the alien is deportable or ordering deportation.
>
> (B) The order described under subparagraph (A) shall become final upon the earlier of--
>
> (i) a determination by the Board of Immigration Appeals affirming such order; or

(ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals.

8 U.S.C. § 1101(a)(47).

Given this statutory definition, at least two circuits have specifically rejected the use of § 1241.1(f) to determine the existence of a final order of removal based on an overstay of the period of voluntary departure. *See Thapa v. Gonzales*, 460 F.3d 323, 333-34 (2d Cir. 2006); *Obale v. Att'y Gen.*, 453 F.3d 151, 160 (3d Cir. 2006) (declining to enforce the regulatory definition of finality in § 1241.1(f) because it "would be inconsistent with the statutory definition of a final order of removal if applied to determine finality for purposes of judicial review"), *superseded on other grounds by regulation as recognized in Patel v. Att'y Gen.*, 619 F.3d 230, 234 (3rd Cir. 2010); *cf. also Ocampo v. Holder*, 629 F.3d 923, 927 (9th Cir. 2010) (following *Thapa* and *Obale*; holding that the statutory definition of finality in § 1101(a)(47) "controls and trumps" the regulatory definition of finality in § 1241.1(f) for purposes of assessing timeliness of a motion to reopen made to the BIA). We have employed similar reasoning to dismiss an untimely petition for review. *See Batubara v. Holder*, 733 F.3d 1040, 1042 (10th Cir. 2013) (applying definition of "order of removal" in § 1101(a)(47) and rejecting contention that BIA's order was not final "because petitioners were not actually removable pending the IJ's decision" on remand concerning voluntary departure). We conclude Ogunbode's petition for review from the February 14 order cannot be rescued by applying the definition of finality contained in § 1241.1(f).

## 2. Ogunbode's Arguments

In her jurisdictional memorandum brief Ogunbode presents additional arguments on the timeliness issue, none of which we find meritorious. Her most clearly defined argument seems to be that the period for filing a petition for review is governed by 28 U.S.C. § 2107 and Fed. R. App. P. 4. But these authorities govern appeals from district courts. The applicable appellate rule here is Fed. R. App. P. 15(a)(1), which states "[r]eview of an agency order is commenced by filing, *within the time prescribed by law*, a petition for review." (emphasis added). Here, the time prescribed by law is 30 days.

The Rule 4 provisions Ogunbode cites concerning extensions of time also do not apply. Rather, Fed. R. App. P. 26(b)(2) governs. That rule states "the court may not extend the time to file . . . a petition to enjoin, set aside, suspend, modify, or otherwise review an order of an administrative agency, board, commission, or officer of the United States, unless specifically authorized by law." Ogunbode does not point to any authority that would permit this court to extend her time for filing a petition for review. Her removal order became final when the BIA issued its decision on February 14, 2018, and the 30-day period for filing a petition for review ran from that date.

### BIA's Order Denying Reopening/Reconsideration

We turn to the BIA's order of May 11, 2018. Ogunbode filed her petition within the 30-day period for seeking review of this order. But her petition mentioned only the February 14 order. It was therefore not timely and adequate to obtain review

of the May 11 order.  *See* Fed. R. App. P. 15(a)(2)(C) (stating a petition for review must specify the order appealed from).  Nor did she file an additional petition for review from the May 11 order within the allowed 30 days.  *See Stone v. INS*, 514 U.S. 386, 405-06 (1995) (alien may seek judicial review of BIA's denial of reconsideration through timely petition for review).

We have considered whether other documents filed with this court within the 30-day period could satisfy the requirements for a timely petition for review.  *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) (holding that we may construe a pro se brief as a timely notice of appeal if it is filed within the period required by Fed. R. App. P. 4 and if it gives the notice required by Fed. R. App. P. 3); *cf. Am. Rivers v. FERC*, 895 F.3d 32, 44 (D.C. Cir. 2018) ("Federal Rule of Appellate Procedure 15 requires that a petition for review must specify the order to be reviewed.  But a mistaken or inexact specification of the order to be reviewed is not fatal, as long as the intent to seek review of a specific order [i] can be fairly inferred from the petition for review or from other contemporaneous filings, and [ii] the respondent is not misled by the mistake." (alterations and internal quotation marks omitted)).

A filing construed as a petition for review should satisfy the requirements of Fed. R. App. P. 15(a)(2).  That rule requires a petition to (1) name the party seeking review; (2) name the agency as a respondent; and (3) specify the order appealed from.  We have examined the documents Ogunbode filed within the 30-day period

8

ending June 11, 2018 to determine whether any satisfy these requirements.[1]  None

does.

The only serious contender as a functional equivalent of a petition for review

is Ms. Ogunbode's reply in support of the motion for stay (titled "An Opposing

Declaration Against the Opposition Motion for Stay of Removal Filed by the

Respondent,") filed June 7, 2018.  This document clearly meets the first two

requirements of Rule 15(a)(2).  But it fails to satisfy the third requirement.  To be

sure, it *mentions* the BIA's denial of her motion to reopen and reconsider.  *See* Reply

at 3, 4 ("I have not received any notification as well as detailed explanation why both

my Stay Motion *and my Motion to r[e]open and Review* was denied till this

moment." (emphasis added)).  But her bare references to the BIA's order denying her

motion fall short of giving timely notice she is seeking review of that order.  At best,

her reply asks us to grant additional time to petition for review, without specifying

*which* order should be reviewed.  *See id.* at 5.[2]

---

[1] The 30-day period expired on June 10, but that was a Sunday.

[2] There is good reason to believe she meant the order of February 14, 2018.
The reply asks us to "grant my request for extension of time to properly file my
Appeal for Review."  *See* Reply at 5.  Ogunbode did indeed file a motion for
extension of time to petition for review.  But that motion mentioned only the BIA's
order of February 14, 2018.  *See* "Motion for Extension of Time to File the Notice of
Appeal and to Appeal," originally filed in the United States District Court for the
District of New Mexico on May 16, 2018.

We note also that in his response to Ogunbode's motion for stay, filed May 29,
2018, the Attorney General treated her filings as a petition for review of the May 11
order.  But he later explained that he made this mistaken assumption because the

9

We conclude that we lack jurisdiction to review the May 11 order denying reopening and reconsideration.

## CONCLUSION

Ogunbode's petition for review is untimely. We therefore dismiss it for lack of jurisdiction. Her Motion for Extension of Time to File the Notice of Appeal and to Appeal is denied. We grant her motion to proceed in forma pauperis. The stay of removal entered July 9, 2018, is vacated.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

May 11 decision "was/is the only Board decision recent enough to be eligible for review." *See* Aplee. Jurisdiction Mem. at 4 n.1.